ARTIE CHARLES MARSHALL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11783

November 30, 1979                                      603 P.2d 283

*Morgan D. Harris,* Public Defender, and *Thomas L. Leen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, *Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Artie Charles Marshall was convicted by jury of dealing in the credit cards of another. He was sentenced to five years in the Nevada State Prison. In our view the court committed reversible error when, by instruction given over objection, it directed the jury to find that Marshall's possession of the credit cards was with the knowledge that they were stolen and that he intended to defraud.[1]

Although NRS 205.690(3) creates a presumption that a person possessing two or more credit cards issued in the name or names of another person or persons is presumed to possess

---

[1] The instruction:

"If you find beyond a reasonable doubt that the Defendant, ARTIE CHARLES MARSHALL, possessed two or more credit cards issued in the name or names of another person or persons, you must assume that such possession was with the knowledge that they were stolen and he intended to circulate, use, sell or transfer them with the intent to defraud, unless the Defendant raises a reasonable doubt in your minds that his possession was not with such knowledge or intent."

them with the knowledge that they have been stolen and with the intent to defraud, such presumption is not conclusive. Indeed, NRS 47.230(2) commands that a judge shall not direct the jury to find a presumed fact against the accused. This command was violated by the instruction and the violation may not be deemed harmless since the erroneous instruction concerned essential elements of the offense charged. The statutory presumption of NRS 205.690(3) may be the basis for a jury instruction permitting the jury to infer guilty knowledge and intent, without violating NRS 47.230(2). Ricci v. State, 91 Nev. 373, 381, 536 P.2d 79 (1975). Language directing the jury to do so is impermissible.

Reversed and remanded.