VERNON LEROY HOLLIS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 10719

February 21, 1980 606 P.2d 534

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R. X. Dunlap,* District Attorney, and *Edwin T. Basl,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

Appellant was convicted of burglary following a jury trial at which he represented himself. The conviction was affirmed in Hollis v. State, 95 Nev. 664, 601 P.2d 62 (1979). Rehearing was granted for the limited purpose of entertaining argument regarding jury instructions on the presumption of intent for burglary, NRS 205.065, and the effect of Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1979), and NRS 47.230 regarding presumed intent, on the instructions.

Over appellant's objection,[1] the court gave the following instruction:

> Every person who shall unlawfully enter any warehouse, store, or other building shall be deemed to have entered the same with the intent to commit grand or petit larceny or a felony therein, unless such unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

This instruction was substantially the language contained in NRS 205.065.[2] Appellant contends that the instruction violated

---

[1]The state concedes that Hollis made a proper objection at trial.

[2]NRS 205.065 provides as follows:

Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

NRS 47.230, which sets forth general guidelines as to the presumptions against the accused in criminal cases.[3]

NRS 47.230(2) commands that a judge shall not direct the jury to find a presumed fact against an accused. Marshall v. State, 95 Nev. 802, 603 P.2d 283 (1979). NRS 47.230(3) expressly provides that instructions dealing with presumptions against the accused must be in permissive terms. The judge must instruct that the jury *may* regard the basic facts as sufficient evidence of the presumed fact. The statute also requires the jury to be instructed that the law "does not require" the jury to find the presumed fact, and that "[the existence of the presumed fact] must, on all the evidence, be proved beyond a reasonable doubt."

Instructions phrased in the form of permissible inferences may satisfy NRS 47.230. Ricci v. State, 91 Nev. 373, 536 P.2d 79 (1975). Instructions phrased in mandatory language do not satisfy NRS 47.230. Marshall v. State, *supra.* In this case neither the challenged instruction nor other general instructions dealing with the burden of proof satisfied the requirements of NRS 47.230.

The state contends that the error, if any, was harmless. However, violations of NRS 47.230 will not be deemed harmless where the erroneous instruction concerns an essential element of the offense charged. Marshall v. State, *supra.* In the present case the instruction concerns the essential element of intent, which was the only disputed fact at trial.[4] Therefore, we cannot find that the error was harmless. Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980).

Finally, appellant contends that the challenged instruction

---

[3]NRS 47.230 provides as follows:

1. In criminal actions, presumptions against an accused recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this section.

2. The judge shall not direct the jury to find a presumed fact against the accused. . . .

3. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

[4]The state admits that "intent was the only element disputed by Appellant at trial." The record supports this conclusion.

violated constitutional due process as pronounced in Sand-strom v. Montana, *supra*. This court will not consider constitutional issues which are not necessary to the determination of an appeal. Spears v. Spears, 95 Nev. 416, 596 P.2d 210 (1979); State of Nevada v. Plunkett, 62 Nev. 258, 149 P.2d 101 (1944). In light of our determination that the instruction violated NRS 47.230, it is not necessary to decide the constitutional issue.

The judgment of conviction is reversed, and the cause is remanded for a new trial.