**Larry Michael PARNELL, Plaintiff,**

v.

**C. L. WALDREP and Bob Dodgen, Defendants,**

**and**

**Gaston County; the Board of Commissioners of Gaston County; and the Members of the Board of Commissioners of Gaston County in Their Official and Individual Capacities, Additional Defendants.**

**Joseph L. SUTTON, Donald W. Bridges, James L. Thompson, Sr., Fred Tolliver, David Doby, James W. Crowe, Robert McDowell, Billy Roberts, John McGill and Charles Smith, Plaintiffs,**

v.

**C. L. WALDREP, Sheriff of Gaston County, Defendant,**

**and**

**Gaston County; the Board of Commissioners of Gaston County; and the Members of the Board of Commissioners of Gaston County in Their Official and Individual Capacities, Additional Defendants.**

Nos. C–C–79–136, C–C–79–365.

United States District Court,
W. D. North Carolina,
Charlotte Division.

May 20, 1982.

**1204**

See also, 511 F.Supp. 764.

Clare O'Neill and Richard E. Giroux, North Carolina Prisoner Legal Services, Durham, N. C., for plaintiffs.

Frank B. Aycock, III, Charlotte, N. C., and Jeffrey M. Trepel, Hollowell, Stott, Hollowell, Palmer & Windham, Gastonia, N. C., for defendants.

## ORDER

McMILLAN, District Judge.

Plaintiff Larry Michael Parnell filed the original complaint in this action on April 16, 1979. Parnell brought suit under 42 U.S.C. § 1983 against C. L. Waldrep, Sheriff of Gaston County, North Carolina, and Bob Dodgen, jail sergeant at the Gaston County Jail. On August 22, 1979, plaintiff Parnell filed an amended complaint as a class action which alleged three constitutional violations:

(1) That plaintiff and other inmates were not allowed to receive newspapers, magazines, or paperback books, in violation of the First Amendment to the Constitution;

(2) That plaintiff and other inmates were denied access to legal materials and thus were denied adequate access to the courts; and

(3) That plaintiff and other inmates were denied opportunities for adequate exercise, in violation of the due process clause and the Eighth Amendment's prohibition of cruel and unusual punishment.

Plaintiffs Joseph L. Sutton, Donald W. Bridges, James L. Thompson, Sr., Fred Tolliver, David Doby, James W. Crowe, Robert McDowell, Billy Roberts, John McGill and Charles Smith filed an action against Sheriff Waldrep on December 3, 1979. Their complaint made several claims of constitutional violations, including claims that prisoners in the Gaston County Jail were not allowed to receive newspapers, and that they were denied access to legal materials.

In an order filed on April 21, 1981, 511 F.Supp. 764, the court certified the class of all persons who have been or will be incarcerated in the Gaston County Jail and consolidated the cases of *Parnell* and *Sutton, et al.* for summary judgment. The following declaratory judgment was entered against defendants:

(1) The policy of prohibiting receipt by inmates of the Gaston County Jail of paperback books, newspapers, and magazines is unconstitutional;

(2) The failure to provide inmates of the Gaston County Jail with meaningful access to the courts, either by access to a legal library or by access to adequate legal services, is unconstitutional; and

(3) The failure to provide inmates of the Gaston County Jail with the opportunity for meaningful exercise is unconstitutional.

Defendants Waldrep and Dodgen were permanently enjoined from prohibiting receipt by inmates of paperback books, newspapers, and magazines.

Defendants were further ordered to submit to the court plans for providing inmates with constitutionally adequate access to the courts and opportunities for exercise.

Defendants Waldrep and Dodgen have substantially complied with the injunction prohibiting them from preventing inmates from receiving reading materials. The defendants have objected, however, to the order requiring them to provide inmates access to legal materials and opportunities for exercise, on the grounds that the Sheriff and jail sergeant are without the funds or authority to comply with this order.

On July 29, 1981, on plaintiffs' motion, the court ordered the joinder as defendants, of Gaston County, the Board of Commissioners of Gaston County, and the members of the Board of Commissioners of Gaston County in their official and individual capacities. These defendants were served with process on August 7, 1981, and filed their answers on August 27, 1981.

On September 24, 1981, plaintiffs renewed their motion for summary judgment, against the newly joined defendants. On December 1, 1981, the court heard argument on the motion. No party presented evidence of any changes at the jail since April 21, 1981, in the inmates' access to legal materials or in their opportunities for exercise. Nor has anyone, since the December 1, 1981 hearing, produced information to show that the constitutional violations have been corrected. The court therefore concludes that the violations found in the April 21, 1981 order with regard to access to the courts and adequate opportunities for exercise continue to exist.

The court did not enter a formal order after the December 1, 1981 hearing. Rather, the parties were encouraged to meet, and defendants were urged to make needed changes at the jail on their own initiative. The court also asked all parties to file written recommendations for change.

On March 16, 1982, Gaston County and the Board of Commissioners filed a paper entitled "Recommendations for Action." Their "Recommendation" for giving inmates access to legal materials is constitutionally adequate. Their "Recommendation" for providing inmates with opportunities for exercise is not.

Under North Carolina law, a county, through its governing body, "may establish, acquire, erect, repair, maintain, and operate local confinement facilities and may for these purposes appropriate funds . . . ." N.C.G.S. § 153A–218. North Carolina General Statutes § 153A–223(2) gives the county's governing body (in Gaston County, the Board of Commissioners) the specific authority to "initiate appropriate corrective action or close the facility" if the state determines that the facility violates state-established standards. These statutes give defendants Gaston County and its Board of Commissioners the legal and financial responsibility to operate the Gaston County Jail, and to take corrective action to maintain the facility in compliance with the Constitution.

The County and the Board of Commissioners have known, in fact, since shortly after this suit was filed in 1979, and in law since they were served with process on August 7, 1981, that unconstitutional conditions exist at the jail. They have failed to take action to correct those conditions. This considered failure to take action is the official "position" of the County and the Board of Commissioners, as defined in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also Owen v. City of Independence, Mo.*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). The County and its Board of Commissioners are liable under 42 U.S.C. § 1983 for the past and continuing injury to plaintiffs that their inaction has caused, and are subject to any lawful equitable remedies that this court may order to prevent further injury.

IT IS THEREFORE ORDERED:

1. That the declaratory judgment entered against defendants Waldrep and Dodgen on April 21, 1981, is hereby entered against defendants Gaston County, the Board of Commissioners of Gaston County, and Charles A. Rhyne, Harley B. Gaston,

Robert L. Heavner, Porter McAteer, Polie O. Cloninger, Jr., David C. Beam, and David Hollifield, in their official and individual capacities.

2. That defendants shall immediately implement the proposal on "Access to Legal Materials" which is found on pages 2–4 of the "Recommendations for Action" filed by defendants Gaston County and the Gaston County Board of Commissioners on March 16, 1982.

3. That defendants shall, within thirty (30) days, submit to the court a plan for providing inmates with constitutionally adequate opportunities for exercise. The plan shall include a timetable for implementation. The court will not presently write a plan for defendants. They are referred to the order of April 21, 1981, for guidance on the minimal requirements that the Constitution imposes.

4. That the parties will appear at a hearing to be scheduled not later than June 21, 1982, by the Clerk, to report on the progress of the corrective action. At that time, the court will hear Sheriff Waldrep and others on any problems jail employees may have had in implementing the "Recommendation" for access to legal materials.

5. That defendants Waldrep and Dodgen are now in compliance with the injunction prohibiting them from preventing inmates from receiving newspapers, magazines, and paperback books. No further order will be entered on that subject at this time.

6. That if defendants do not immediately begin corrective action, as required by the Constitution and this order, the court may be obligated to close the facility to new inmates, and enter orders as justice may require to end the continuing injury to the jail's occupants. *See, e.g., Nelson v. Collins,* 659 F.2d 420, 429 (4th Cir. 1981) (*en banc*) (affirming district court order requiring transfer of state prisoners from facility having unconstitutional conditions of confinement); *see also Inmates of Suffolk County Jail v. Kearney,* 573 F.2d 98 (1st Cir. 1978) (affirming district court order barring further incarceration of pretrial detainees in county jail with unconstitutional conditions); *Finney v. Arkansas Board of Correction,* 505 F.2d 194, 201 (8th Cir. 1974) (*reh. and reh. en banc denied*) (ordering district court to ensure that no additional prisoners be confined at state prison, if their confinement would result in perpetuation of unconstitutional conditions); *Miller v. Carson,* 563 F.2d 741 (5th Cir. 1977) (*reh. and reh. en banc denied*) (affirming district court order declaring that pre-trial detainees have constitutional right to regular access to outdoor recreation, and limiting number of inmates in county jail having unconstitutional conditions); *Newman v. State of Alabama,* 559 F.2d 283 (5th Cir. 1977) (*cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978)) (affirming district court order requiring state prison officials to take specific steps to remedy unconstitutional conditions); *see also Hamilton v. Love,* 358 F.Supp. 338 (E.D.Ark.1973) (requiring county to provide inmates of jail with a *reasonable* program of exercise and recreation).