**Paul SEAMAN, Plaintiff,**

v.

**The CITY OF RENO, et al., Defendants.**

**No. CIV–R–81–113–ECR.**

United States District Court,
D. Nevada.

March 8, 1983.

Gary C. Backus, Reno, Nev., for plaintiff.

Louis Test, Reno, Nev., for defendants City of Reno, Depczynski & Thurman.

Robert L. Crowell, Carson City, Nev., for defendant Roy Street & Reno Cab Co.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on the plaintiff's motion for summary judgment against defendants City of Reno, Depczynski, Street and Reno Cab Company, Inc., and the cross-motion for summary judgment against the plaintiff made by defendants Street and Reno Cab Company, Inc. The issues have been briefed by both sides, transcripts of State court proceedings and copies of the amended criminal complaints and the judgment of conviction against the plaintiff have been filed, and oral argument has been heard.

At 4 or 5 o'clock in the morning of February 12, 1981, defendant Ferenczi (a default has been entered against him for failure to respond to the plaintiff's Complaint), a driver for defendant Reno Cab Company, picked up the plaintiff at a barroom in Reno. The plaintiff was quite drunk. He directed Ferenczi to drive him to a certain location in Sparks. While still in Reno, however, the plaintiff instructed Ferenczi to drive to the Cab Company's headquarters instead. The plaintiff said that he, too, was a driver for the Company, and that he would be charging the ride. At the time the Cab Company permitted its employees to charge rides in its taxicabs. Ferenczi radioed the Company. He was told that the plaintiff had been terminated earlier that morning and that a charge was not authorized.

Ferenczi immediately stopped at an alley intersection. He asked for a $10 deposit before driving any farther, since the meter already registered a $3.60 bill. The plaintiff declared that he was not going to pay, and exited the cab. He rushed up the alley, ran into a fence, and fell down.

Defendant Depczynski, a Reno policeman passing by in his patrol car, observed the strange happenings. He drove up behind the taxi and was told by Ferenczi what had transpired. The latter said that he wanted to make a citizen's arrest of the plaintiff for refusing to pay the taxi fare.

The officer approached the plaintiff who accompanied him to the squad car without argument. He was placed under arrest, patted down, and handcuffed. Another policeman arrived on the scene as Depczynski's backup. When the plaintiff refused repeated orders to get into the front seat of the police car, the backup officer went around to the driver's side, entered the vehicle, reached over and seized the plaintiff's handcuffs. He pulled while officer Depczynski pushed from the outside. The plaintiff was squirming, therefore a choke hold was applied to him. He then ceased resistance and a seatbelt was fastened around him. The plaintiff was transported to the City jail.

On June 9, 1981, a trial of the plaintiff was conducted in Reno Municipal Court. He was charged with refusal to pay the taxi fare and with resisting the policeman who was taking him into custody. Mr. Ferenczi, the cab driver, didn't appear. Therefore, the judge dismissed the charge of defrauding the taxi driver. However, the two police officers did testify, and the plaintiff was found guilty of resisting an officer and was fined $100. He appealed, and a trial de novo was held in a Nevada district court during November 1981.

A written judgment was handed down by the Hon. Roy L. Torvinen, Nevada District Judge, on December 1, 1981. He found that the taxi driver, Mr. Ferenczi, had made a citizen's arrest of the plaintiff, and that a police officer has a legal duty to take custody of the arrestee in such a situation. The Judge held that the necessity to push and pull on the plaintiff to get him into the police car constituted a violation of the resisting an officer ordinance. Further, the judgment reflects the Court's finding that the police were acting under lawful authority, so that the plaintiff had no right to resist arrest on the ground that it was unlawful. A fine in the sum of $100 was imposed.

The civil rights complaint herein was filed May 11, 1981, before either trial had been held. An Amended Complaint was filed, with leave of Court, on December 31, 1981. It alleges false arrest, malicious prosecution and assault and battery.

The legal bases for the plaintiff's motion for summary judgment are: (1) He was arrested pursuant to an unconstitutional ordinance; (2) The arrest (warrantless) was made without probable cause; and (3) The criminal complaint (for refusing to pay the taxi fare) against him was perjurious.

It is clear that the arrest of the plaintiff initially was based on his refusal to pay the taxi fare. The controlling ordinance at the time was Reno Municipal Code sec. 11.12.-500(a)(4). It read:

"Any person who requests transportation in a taxicab from any location to any place within the city and, after arriving at that location within the city, refuses to pay the proper fare for the transportation shall be presumed to have refused such payment with the intent to defraud.

"Any person refusing to pay the driver of a taxicab after being transported to any location within the city with intent to defraud is guilty of a misdemeanor."

By its own terms, the ordinance makes "intent to defraud" an essential element of the offense.

■ In essence, the hiring of a taxicab constitutes a contract between the driver and the passenger. The driver agrees to transport the passenger where he wants to go, and the passenger agrees to pay for the service. The subsequent breach of the contract by the passenger (his refusal to pay), no matter how reprehensible, does not by

itself establish a fraudulent intent at the time of hiring. *See Taylor v. Georgia,* 315 U.S. 25, 30, 62 S.Ct. 415, 417, 86 L.Ed. 615 (1942). The mandatory language of the ordinance, requiring the trier of fact to presume the essential element of fraudulent intent, is constitutionally impermissible. *See Marshall v. State,* 95 Nev. 802, 603 P.2d 283, 284 (1979); *Hollis v. State,* 96 Nev. 207, 606 P.2d 534, 536 (1980); *Sandstrom v. Montana,* 442 U.S. 510, 522, 99 S.Ct. 2450, 2458, 61 L.Ed.2d 39 (1979). *Sandstrom* teaches that even a shifting of the burden of persuasion or proof to the defendant would be unconstitutional. *Id.* at 524, 99 S.Ct. at 2459.

On April 1, 1981, six weeks after the plaintiff's arrest, a Reno Municipal Court judge correctly ruled that the first paragraph of the ordinance was unconstitutional. However, he held that the second paragraph could stand by itself as a valid ordinance. Nevertheless, defendant City of Reno subsequently reenacted both paragraphs of the ordinance. It merely separated the paragraphs into separate subsections, (4) and (5), of Reno Municipal Code sec. 8.10.050(a).

Thus, the City reaffirmed a policy that had been declared unconstitutional. It thereby deprived the plaintiff and all other persons subject to the ordinance of a constitutional right. Further, the City cannot assert the good faith of its officers or agents as a defense to liability. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980).

█ From the above, it can be seen that the plaintiff is entitled to a partial summary judgment against the City of Reno on the issue of liability. The arrest of the plaintiff was in execution of an unconstitutional City ordinance. *See Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). The City is liable for any damages proximately caused the plaintiff thereby. *Parnell v. Waldrep,* 538 F.Supp. 1203, 1205 (W.D.N.D.1982).

█ The plaintiff's contention that he is entitled to summary judgment because his warrantless arrest was made without probable cause cannot be sustained. A conviction for resisting arrest is conclusive on the issue of the lawfulness of the arrest. *Hernandez v. City of Los Angeles,* 624 F.2d 935, 938 (9th Cir.1980); *see also* concurring op. of Collins, J., in *Nootenboom v. State,* 82 Nev. 329, 418 P.2d 490, 494 (1966). Even if that were not so, resolution of contested facts about an arrest and the existence of probable cause are issues for the jury, rather than summary judgment. *See Gilker v. Baker,* 576 F.2d 245, 247 (9th Cir.1978). Further, even if probable cause for the arrest did not exist, police officer Depczynski might still be shielded from liability by qualified immunity. *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir.1981). The question would be whether his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In this regard, it must be noted that the holding by the Reno Municipal Court judge that the refusal to pay taxi fare ordinance was unconstitutional didn't occur until some six weeks after the plaintiff's arrest. *See Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *State v. Acosta,* 49 Nev. 184, 242 P. 316, 318 (1926) (an officer has the right to presume that a statute is valid).

█ It is true that the plaintiff could be entitled to some sort of relief if a criminal complaint against him was perjurious. *See United States v. Taylor,* 648 F.2d 565, n. 16 (9th Cir.1981); *Smiddy v. Varney, supra* at 266–267. However, at the present time there is a dispute as to whether the complaint was perjurious. Defendant Ferenczi, the cab driver, signed the complaint under oath. In it he stated that he had given transportation to the plaintiff "from one location within the City of Reno to another location within the City of Reno, as requested by Mr. Seaman" (the plaintiff). The plaintiff's main contention here is that he didn't request to be transported to the alley where the taxi stopped. Certainly, the

plaintiff is not entitled to judgment as a matter of law on this contention. Material issues of fact remain to be decided before it can be concluded that the complaint was perjurious.

Defendants Street and Reno Cab Company, Inc., have perfected a cross-motion for summary judgment against the plaintiff. It is grounded upon the propositions that: (1) The plaintiff's claim is barred by the doctrine of collateral estoppel; (2) the two moving defendants were not acting under color of state law; and (3) the plaintiff is not a member of any class meant to be protected by 42 U.S.C. § 1985 from conspiratorial interference with civil rights.

█ The doctrine of collateral estoppel does apply to estop a party from contesting in a later civil suit any element necessarily established in a prior criminal trial. *Considine v. United States,* 683 F.2d 1285, 1286 (9th Cir.1982). The bar may be raised when the later civil action is a civil rights case. *Allen v. McCurry,* 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980). Three exceptions have been articulated: Where state substantive law was facially unconstitutional, where state procedural law was inadequate to allow full litigation of a constitutional claim, and where state procedural law, though adequate in theory, was inadequate in practice. *Id.* at 100–101, 101 S.Ct. at 418–419. Only the first of these exceptions is applicable to the instant action. The ordinance making a misdemeanor of failure to pay a taxi fare is facially unconstitutional, as discussed above. However, its invalidity has no relationship to the complaint against defendants Street and Reno Cab Company. The evidence before the Court fails even to raise a factual issue as to whether those defendants participated in the arrest of the plaintiff or in his subsequent prosecution.

█ Private parties may be deemed to have acted under color of state law where they jointly engage with public officers in the denial of the plaintiff's civil rights. *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1206 (7th Cir.1980). However, a private person does not conspire

with a public official merely by invoking an exercise of the latter's authority. *Id.* at 1208. Defendant Street's only connection with the instant action, insofar as reflected by the record before the Court, is that he is a stockholder in defendant Reno Cab Company. Although allegations in the Amended Complaint hint at an alter ego relationship, nothing in support of that contention has been submitted in connection with the motions for summary judgment. The evidence indicates that the Cab Company's connection with the case, other than being defendant Ferenczi's employer, was solely in advising Mr. Ferenczi that the plaintiff was not authorized to charge his bill for taxi service. There is nothing to indicate that the Cab Company ordered its driver to ask the police or the City Attorney to take action against the Plaintiff, nor is there any showing that the Cab Company exerted any control over decision making by those public officials. *See Arnold v. Intern. Business Machines Corp.,* 637 F.2d 1350, 1356–1357 (9th Cir.1981).

Finally, as to the civil rights conspiracy charges against the Cab Company and Mr. Street, the law is well settled in the Ninth Circuit that the plaintiff must be a member of an identifiable class which has been discriminated against because of race or some other invidiously discriminatory animus. *Briley v. State of California,* 564 F.2d 849, 859 (9th Cir.1977); *Lopez v. Arrowhead Ranches,* 523 F.2d 924, 927 (9th Cir.1975); *Canlis v. San Joaquin Sheriff's Posse Comitatus,* 641 F.2d 711, 721 (9th Cir.1981).

In determining these motions for summary judgment the Court has adhered to the rule that there must be no issue of material fact and the moving party must demonstrate its right to judgment as a matter of law in the context of undisputed facts. *See Aronsen v. Crown Zellerbach,* 662 F.2d 584, 591 (9th Cir.1981). In deciding whether material factual dispute exists, facts and inferences must be viewed most favorably to the non-moving party. *Ibid.* The Court does not weigh the evidence nor pass upon credibility. *Ibid.*

IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment be, and the same hereby is, GRANTED as against defendant City of Reno insofar as liability is concerned.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be, and the same hereby is, DENIED as against defendants Depczynski, Street and Reno Cab Company, Inc.

IT IS FURTHER ORDERED that the motion for summary judgment of defendants ROY L. STREET and RENO CAB COMPANY, INC., be, and the same hereby is, GRANTED. The Clerk of Court shall prepare a summary judgment dismissing the Amended Complaint as against those two defendants.