BILLY RAY BRACKEEN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 18640

October 24, 1988                                          763 P.2d 59

*Morgan D. Harris,* Public Defender, *Robert H. Thompson,* Deputy Public Defender, *Craig Jorgenson,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex A. Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, *Alexandra C. Chrysanthis,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Billy Ray Brackeen was convicted pursuant to a jury verdict of two counts of burglary and one count of possession of a credit card without the consent of the owner. With regard to the conviction for illegal possession of a credit card without the consent of the owner, we hold that the trial court erred by instructing the jury on the presumption of criminal intent without providing additional instructions, required by statute, that the jury was not required to adopt the presumption and that the jury must still find the presumed fact beyond a reasonable doubt. As this error was not harmless, we reverse the conviction for illegal possession of a credit card. Brackeen's challenges to the convictions for burglary are without merit; therefore, these convictions are affirmed.

### The Facts

On the evening of May 9, 1987, Debra and Bradley Miller were eating pizza in a Round Table Pizza Parlor in Las Vegas, Nevada, when they noticed that Brackeen, whom they did not know, was sitting with their party. At first the Millers thought that somebody in their party had invited Brackeen to sit down, but they soon found out that nobody knew who he was; Brackeen had simply sat down at their table, without permission, and had begun helping himself to their pizza and beer.

Brackeen eventually left the pizza parlor; however, because of Brackeen's earlier strange behavior, both Debra and Bradley Miller continued to observe Brackeen's actions in the parking lot.[1] Bradley Miller testified that he observed Brackeen approach

---

[1] Apparently the Millers were not in the parking lot but instead remained in the pizza parlor and watched Brackeen through the window.

several vehicles in the parking lot, one of which was a Jeep, and look into the window on the driver's side. Both Debra and Bradley Miller testified that when they first noticed Brackeen, he did not have a black bag with him. When Brackeen left the parking lot, however, the Millers observed that he was then carrying a black bag.

After leaving the parking lot at the pizza parlor, Brackeen made his way to a nearby convenience store. At the convenience store, Brackeen attempted to help a female customer remove the radiator cap on her overheated car in order to put water in the radiator. The female customer testified at trial that she observed that Brackeen had a black bag in his possession and that he appeared to be intoxicated.

At approximately 10:30 p.m., two officers were dispatched to the convenience store where they observed Brackeen attempting to assist the female customer with her car. One of the officers began a routine interrogation of Brackeen but was forced to handcuff Brackeen after Brackeen became belligerent and attempted to flee. After handcuffing Brackeen, the officer retrieved the black bag that had been in Brackeen's possession. At trial, the officer testified that as he was retrieving the black bag, Brackeen said, "'That's mine.'" A subsequent search of Brackeen's person turned up a wallet belonging to one Frederick Prado.

At trial, Prado testified that on the evening of May 9, 1987, he had parked his car in the Round Table Pizza Parlor parking lot and that it had been broken into and his wallet had been stolen. The owner of the black bag, Albert Snyder, similarly testified that he had parked his Jeep at the pizza parlor parking lot on the evening of May 9. Snyder, however, testified that he did not realize that his vehicle had been broken into until shortly after he arrived home, when a police officer returned his wallet to him. Snyder testified that he had left the wallet in his black bag while he was grocery shopping.

### The Jury Instructions

At the time of his arrest, Brackeen was found to have in his possession several credit cards belonging to Snyder, the owner of the black bag. The credit cards had Snyder's name on them, and Snyder testified that he had not consented to Brackeen's possession of the cards. Nevada law, NRS 205.690(3), provides that:

> Any person who has in his possession or under his control two or more credit cards issued in the name of another person or persons is presumed to have obtained and to possess the credit cards with the knowledge that they have been stolen and with the intent to circulate, use, sell or

transfer them with intent to defraud. The presumption established by this subsection does not apply to the possession of two or more credit cards used in the regular course of the possessor's business or employment or where the possession is with the consent of the cardholder.

Over Brackeen's objections, the trial court gave the following instruction:

Any person who has in his possession or under his control two or more credit cards issued in the name of another person or persons is presumed to have obtained and to possess the credit cards with the knowledge that they have been stolen and with the intent to circulate, use, sell or transfer them with intent to defraud.

Brackeen initially contends that the above instruction violated NRS 47.230(2) by directing the jury to find a presumed fact against him. Brackeen further contends that the trial court erred in giving the above instruction since the trial court did not comply with NRS 47.230(3) by additionally informing the jury that while it may regard the basic facts as sufficient evidence of the presumed fact, it is not *required* to do so, and that the existence of the presumed fact must be proved beyond a reasonable doubt. We agree.

NRS 47.230 states in pertinent part that:

1.  In criminal actions, presumptions against an accused recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this section.

2.  The judge *shall not direct the jury to find a presumed fact against the accused.* When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. . . .

3.  *Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.*

(Emphasis supplied.)

In Marshall v. State, 95 Nev. 802, 603 P.2d 283 (1979), we held that pursuant to NRS 47.230(2) it was reversible error for the trial court to give an instruction based upon NRS 205.690(3)—the same statute upon which the challenged instruction in this case is based—in which the trial court directed the jury to find a presumed fact against the accused. In *Marshall,* we explained that, "[t]he statutory presumption of NRS 205.690(3) may be the basis for a jury instruction permitting the jury to infer guilty knowledge and intent, without violating NRS 47.230(2). Language directing the jury to do so is impermissible." *Marshall,* 95 Nev. at 804, 603 P.2d at 284 (citation omitted).

In *Marshall,* the trial court had instructed the jury that if it found:

> "beyond a reasonable doubt that the [d]efendant . . . possessed two or more credit cards issued in the name or names of another person or persons, *you must assume* that such possession was with the knowledge that they were stolen and he intended to circulate, use, sell or transfer them with the intent to defraud, unless the [d]efendant raises a reasonable doubt in your minds that his possession was not with such knowledge or intent."

*Marshall,* 95 Nev. at 803 n.1, 603 P.2d at 284 n.1 (emphasis supplied). In the present case, the jury was instructed that a person who possesses two or more credit cards belonging to someone else "is presumed" to possess the credit cards with criminal intent. While the "is presumed" phraseology employed in the instruction challenged by Brackeen may lack the peremptory ring of the "you must assume" phraseology disapproved of in *Marshall,* we believe that the phrases are, nevertheless, functionally equivalent. A trial judge possesses tremendous authority; thus, an instruction by a trial judge that under certain circumstances a particular fact "is presumed" is in effect no less a directive than if the trial judge had told the jury that it "must" find that fact against the accused. We conclude, therefore, that the challenged instruction was impermissible under *Marshall.*

In addition to violating NRS 47.230(2), the statute discussed in *Marshall,* Brackeen claims that the trial court violated NRS 47.230(3). That statute requires that whenever the existence of a presumed fact against the accused is submitted to the jury, the judge must additionally instruct the jury that while the law permits the jury to regard the basic facts as sufficient evidence of the presumed fact, the law does not require the jury to do so. Additionally, where, as in the present case, the presumed fact

establishes guilt or is an element of the offense, NRS 47.230(3) mandates that the judge instruct the jury that the existence of the presumed fact must, on all the evidence, be proved beyond a reasonable doubt. While the jury was given a general instruction that the prosecution must prove "beyond a reasonable doubt every material element of the crime charged" the jury was not instructed that it was not required to adopt the presumption, nor was the jury instructed that the existence of the presumed fact must be proved beyond a reasonable doubt. We hold that the failure to give such instructions was violative of NRS 47.230(3).

In Hollis v. State, 96 Nev. 207, 606 P.2d 534 (1980), we wrote that "violations of NRS 47.230 will not be deemed harmless where the erroneous instruction concerns an essential element of the offense charged." *Hollis*, 96 Nev. at 209, 606 P.2d at 536 (citing *Marshall*, 95 Nev. at 804, 603 P.2d at 284). In the present case, the challenged instruction concerns Brackeen's presumed intent to circulate, use, sell or transfer stolen credit cards with intent to defraud, which is an essential element of the charged offense. *See* NRS 205.690(2). Having concluded that the trial court improperly instructed the jury on the presumption of criminal intent, we further hold that under *Hollis* that error was not harmless.

## *Prior Bad Acts*

Over Brackeen's objection, the trial court allowed into evidence testimony that Brackeen had helped himself to the Miller party's pizza and beer at the Round Table Pizza Parlor before helping himself to some personal property in the vehicles in the pizza parlor parking lot. Brackeen contends that this evidence should not have been admitted because it was more prejudicial than probative.

While Nevada's Evidence Code prohibits the use of other crimes, wrongs, or acts as evidence of an accused's character in order to prove that he acted in conformity therewith on a particular occasion, such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in those cases where its probative value is not substantially outweighed by the danger of unfair prejudice. Daly v. State, 99 Nev. 564, 665 P.2d 798 (1983); NRS 48.045(2); NRS 48.035(1). The decision to admit such evidence rests with the sound discretion of the trial court, Brinkley v. State, 101 Nev. 676, 708 P.2d 1026 (1985), and will not be disturbed on appeal absent a showing that the ruling was manifestly wrong. Gallego v. State, 101 Nev. 782, 711 P.2d 856 (1985), *cert. denied,* Gallego v. Nevada, 479 U.S. 871 (1986).

We believe that evidence of Brackeen's depredations in the pizza parlor was relevant to proving Brackeen's identity since Brackeen's unusual behavior explained the Miller's heightened interest in him, thus strengthening their positive identifications of Brackeen. Additionally, the description of Brackeen's pilfering was admissible as an integral part of the Miller's narration of the events leading up to Brackeen's removal of the personal property from the vehicles in the parking lot. We have adopted the rule that the State is entitled to present a full and accurate account of the circumstances surrounding the commission of a crime, and such evidence is admissible even if it implicates the accused in the commission of other crimes for which he has not been charged. *See* Shults v. State, 96 Nev. 742, 616 P.2d 388 (1980); Dutton v. State, 94 Nev. 461, 581 P.2d 856 (1978), *overruled on other grounds,* Gray v. State, 100 Nev. 556, 688 P.2d 313 (1984).

We further believe that the evidence was more probative than prejudicial. While the evidence was mentioned at trial, it was not dwelled upon. Moreover, since the evidence of Brackeen's guilt of *burglary* was overwhelming, the prejudicial effect of the challenged testimony was at most slight. In light of the above, we cannot say that the trial court's ruling was manifestly wrong, and we will not disturb it on appeal.

The conviction for possession of a credit card without the owner's consent is hereby reversed. If the State seeks to pursue this matter, a new trial must be held on that charge. The burglary convictions are affirmed.