Maupin, J.,
concurring:
I agree that defects in jury instructions defining the elements of a charged crime may be the subject of a harmless error analysis under Neder. However, our embrace of the United States Supreme Court decision in Neder does not involve a mere clarification of our prior decision in Thompson v. State, 108 Nev. 749, 838 P.2d 452 (1992). Rather, our decision today comprehensively expands the basic proposition of law articulated in that opinion.
The majority is careful to observe that it is “critical” for juries to be instructed on the need to prove malice, express or implied, before convicting a defendant of murder under NRS 200.030(l)(a). See Graham v. State, 116 Nev. 23, 992 P.2d 255 (2000). This underscores the care that should be exercised in the application of Neder to these matters. Here, the majority’s conclusion that the defects in the instruction constitute harmless error did not subject Coliman to criminal liability for murder based upon a “single rash, impulsive act by an otherwise decent parent.’ ’ Overwhelming evidence demonstrated that Coliman serially and maliciously abused a small and defenseless toddler. On these facts, the jury could not have been misled by the instruction regarding the element of malice.
I would also separately comment on the marginal nature of Collman’s alternative defense, to wit: that Damian’s mother was the perpetrator. First, the need to take the child to the hospital occurred while Coliman was alone with the child. Second, substantial circumstantial evidence confirms that the final physical insult to this child did not occur at any other time or by means other than by child abuse. Thus, the trial court’s refusal to admit extraneous evidence regarding the mother’s conduct before and after Damian Stach’s demise does not dictate reversal of Collman’s conviction.
While resort to a harmless error analysis in these cases should be the exception rather than the rule, I agree with the majority that the error in this case was harmless beyond a reasonable doubt.