# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENT LAMOND CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69226

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Appellant Kent Lamond Carter raises insufficient-evidence and jury-instruction challenges to his conviction. We affirm.

Carter first argues that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Three neighbors testified regarding incidents occurring at approximately midnight on the relevant night. The first testified that he woke to see Carter in his bedroom, Carter immediately fled the house after being seen, and Carter lacked permission to be inside the house. The second testified that someone tried to use the doorknob to enter his house and that he then saw Carter in his backyard, jumping over the rear wall. Both witnesses identified Carter on the scene, after he was confronted and tackled, and at trial. A third witness testified

17-05656

that someone tried to kick in his front door. Carter denied being in or attempting to enter the residences and testified that he was passing through the neighborhood to go gambling. He had only $7 and no driver's license on his person. The jury could reasonably infer from the evidence presented that Carter unlawfully entered a house with larcenous intent. *See* NRS 205.060(1); NRS 205.065. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Accordingly, we conclude that this claim fails.

Second, Carter argues that the district court's jury instruction tracking NRS 205.065 shifted the burden of proof from the State and allowed a finding of guilt without establishing intent beyond a reasonable doubt.[1] We review the district court's decisions in settling jury instructions for abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Carter concedes that the challenged instruction tracks the operative language of NRS 205.065, and we have consistently upheld the constitutionality of NRS 205.065 and

---

[1]The instruction provides:

> Every person who unlawfully breaks and enters or unlawfully enters any house or room, may reasonably be inferred to have broken and entered or entered it with intent to commit a felony or a larceny therein, unless the unlawful breaking and entering or unlawful entry is explained by evidence satisfactory to the jury to have been made without criminal intent.

determined that the statutory inference does not render the finding of guilt infirm, *see, e.g., Brinkman v. State*, 95 Nev. 220, 224, 592 P.2d 163, 165 (1979); *Redeford v. State*, 93 Nev. 649, 654, 572 P.2d 219, 221-22 (1977). To the extent that Carter claims that the district court violated NRS 47.230(3), the record belies this claim as the instructions provided that each element needed to be proven beyond a reasonable doubt. Accordingly, we conclude that Carter has not shown that the district court abused its discretion or committed clear error in giving this instruction.

Carter argues that this court should follow *State v. Deal*, 911 P.2d 996 (Wash. 1996), and reject the above instruction. We decline to adopt *Deal*'s holding, as that opinion does not bind this court and conflicts with our case law. Further, the instruction given informed the jury that it "may" infer Carter's intent and thus involved a permissive, not a mandatory, presumption because it did not command the jury to infer certain facts. *See Thompson v. State*, 108 Nev. 749, 754, 838 P.2d 452, 455 (1992), *overruled on other grounds by Collman v. State*, 116 Nev. 687, 7 P.3d 426 (2000); *Hollis v. State*, 96 Nev. 207, 208-09, 606 P.2d 534, 535-36 (1980) (holding instruction that jury "shall" infer unlawfully entering person to have intended to commit larceny absent defendant's showing of lack of criminal intent was improper mandatory inference), *modified on other grounds by Thompson*, 108 Nev. 749, 838 P.2d 452. The instruction would not warrant relief under *Deal* because the jury here could infer Carter's intent from evidence that he tried to unlawfully enter two other dwellings in the same neighborhood. *See Deal*, 911 P.2d at 1000 (noting

SUPREME COURT
OF
NEVADA

(O) 1947A

that permissive inferences do not create a due process problem where the inference is not the sole proof of the element).[2]

Third, Carter argues that the district court erred in rejecting his proposed two-reasonable-interpretations jury instruction. We have previously found no error in rejecting such an instruction when the jury was properly instructed on reasonable doubt. *See Bails v. State*, 92 Nev. 95, 96-98, 545 P.2d 1155, 1155-56 (1976). The jury was so instructed here, and thus we conclude that this claim lacks merit.

Fourth, Carter argues that the district court erred in rejecting his proposed eyewitness-identification jury instruction. The district court rejected the proposed instruction as argumentative and confusing and because the authority Carter gave did not support its factors. The district court instead provided an instruction on eyewitness identifications that was based on specific Nevada case law. *See generally Gehrke v. State*, 96 Nev. 581, 613 P.2d 1028 (1980). We conclude that the district court did not abuse its discretion or commit error when the requested instruction was duplicative and inaccurate, *see Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005), and thus that this claim lacks merit.

Fifth, Carter argues that the material-element language in the presumption-of-innocence instruction was improper. While we have concluded that the phrase "material element" in an identical instruction was unnecessary and should be omitted, we concluded further that the

---

[2]While *Deal* held that a similar instruction involved a mandatory presumption, the United States Supreme Court authority on which *Deal* relied did not reach this issue. *Sandstrom v. Montana*, 442 U.S. 510, 515 (1979) (declining to address constitutionality of permissive, rebuttable presumptions).

language was not so misleading or confusing as to compel relief, *Burnside v. State*, 131 Nev., Adv. Op. 40, 352 P.3d 627, 637-38 (2015), and thus the inclusion of this phrase did not affect Carter's substantial rights, *see Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (reviewing unpreserved claims for plain error). Accordingly, we conclude that this claim fails.

Having considered Carter's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Jennifer P. Togliatti, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk