JAMES ALLEN BOSTIC, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 17551

August 25, 1988 760 P.2d 1241

*Terri Steik Roeser,* State Public Defender, and *Michael K. Powell,* Chief Appellate Deputy Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Kevin Pasquale,* District Attorney, and *Robert V. Bogan,* Deputy District Attorney, Churchill County, for Respondent.

## OPINION

*Per Curiam:*

James Allen Bostic was involved in an automobile accident on June 15, 1985, at approximately 7:00 p.m. Bostic's blood alcohol level was over .13 percent at the time of the accident. He was traveling at a speed well in excess of the posted limit on Bottom Road near Fallon. Failing to heed the posted stop sign at the intersection of Bottom and McLean Roads, he collided with a Chevrolet Blazer driven by Frank Bianchi. Lou Smith was a passenger in Bianchi's Blazer. As a result of the collision, Bianchi's vehicle was slammed into the canal which runs parallel to Bottom Road. The vehicle came to rest on the driver's side, completely submerged. Through heroic efforts, people at the scene were able to dive into the canal and free Lou Smith; nevertheless, she died approximately one month later as a result of injuries sustained in the collision. Frank Bianchi was pinned in the vehicle and drowned before the tow truck arrived at the scene to drag the vehicle from the canal. James Bostic was charged with, among other things, causing the death of another by driving while intoxicated and reckless driving resulting in death. On May

30, 1986, Bostic was convicted by a jury of two counts of causing the death of another by driving while intoxicated and was sentenced to two consecutive terms of six years imprisonment, the maximum sentence under the 1983 version of the statute under which he was tried.

Bostic contends that NRS 484.3795(1) requires not only that the accused be under the influence but that he must be under the influence "to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle. . . ." NRS 484.3795(1). In Cotter v. State, 103 Nev. 303, 738 P.2d 506 (1987), we dealt with a similar contention. Cotter was convicted of driving while under the influence of a controlled substance (not alcohol), and causing substantial bodily harm. Cotter argued that the district court had misinstructed the jury by failing to instruct them on all elements of the crime, i.e. that one must be under the influence "to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle." NRS 484.3795(1). We agreed and reversed for a new trial. In so holding, we stated:

> Whether a driver has been so influenced by the ingested substance will, *with one exception* [n.2], always be a question of fact, to be considered in the light of such variable circumstances as the individual's resistance to the substance, the amount ingested and the type and time of ingestion.

In footnote 2 of our opinion we stated:

> We note that the Legislature has included a *per se* violation of driving under the influence of intoxicating liquor when persons have 0.10 percent or more by weight of alcohol in their blood. Our ruling, of course, has no effect on that provision.

*Cotter,* 103 Nev. at 306 n.2, 738 P.2d at 508 n.2. (Emphasis added.) In this case we have that *per se* violation. Therefore, we perceive no error.

Bostic next contends that the district court erred in failing to give an instruction on his theory of defense. As Bostic contends, the essential question under NRS 484.3795(1) is whether or not the neglect of a duty was the proximate cause of the fatalities. Bostic argues that a defendant has the right to have the jury instructed on his theory of the case. Bostic's theory was that misplacement or reduced visibility of the stop sign, which he failed to heed, should relieve him of liability. He contends that this theory should have been presented to the jury via an instruction on superseding-intervening cause.

Bostic's argument is without merit. Upon request, an accused has the right to a jury instruction on his theory of the case, and failure to so instruct the jury is reversible error. Williams v. State, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983). In Konig v. N.-C.-O. Ry., 36 Nev. 181, 212-215, 135 P. 141, 152-153 (1913), the court discussed the elements of a superseding-intervening cause. An intervening act will supersede the original culpable act where the intervening act is an unforeseeable, independent, non-concurrent cause of the injury; the intervening cause must, effectively, break the chain of causation.

In the instant case, the traffic control device did not independently cause the deaths of Bianchi and Smith. It appears that Bostic's theory of defense was that the actual proximate cause of the accident was the placement of the stop sign, and that his act, in failing to stop, was a dependent, intervening cause in the chain of causation. The jury was given several instructions relating to proximate cause, and instruction No. 21 was specifically tailored to Bostic's theory.[1] As Bostic's theory of defense was presented to the jury and an instruction on superseding-intervening cause would have been incorrect, we find no error in the instructions given.

Bostic raises as his next assignment of error the admission of photographs showing the scene of the accident, including the body of Frank Bianchi which was pinned within the vehicle. Admissibility of photographs is within the discretion of the district court and will not be disturbed on appeal absent a showing of an abuse of discretion. Turpen v. State, 94 Nev. 576, 583 P.2d 1083 (1978); Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977). It has not been suggested that these photographs are in any way inaccurate, nor do the photographs show such grotesque injuries as are likely to inflame the passions of the jury. Accordingly, we hold that the district court did not abuse its discretion.

Bostic next contends that the district court erred in admitting the testimony of four witnesses concerning prior uncharged misconduct. First, Bostic contends the testimony of Mrs. Rose and Mr. Halsey, both of whom testified in the State's case-in-chief, was improperly admitted. Mr. Halsey was a search and rescue swimmer and crewman based at the Fallon Naval Air Station. At

---

[1]Instruction No. 21 stated: "When a person commits an act or makes an omission through misfortune or by accident under circumstances that show no evil purpose, intention or culpable negligence, he does not thereby commit a crime."

about 7:00 p.m., June 15, 1985, Mr. Halsey was sitting near the canal next to Bottom Road. Halsey heard Bostic's truck and then saw him turn onto Bottom Road. Once on Bottom Road, Bostic "stepped on the gas, and he just took off really fast." The speed limit on Bottom Road is 35 m.p.h., but Halsey estimated Bostic was traveling at 70 m.p.h. as he drove by. Halsey then observed two vehicles swerve to avoid a head-on collision with Bostic.

Mrs. Rose also saw and identified Bostic's truck at the intersection of Bottom Road and the Reno Highway. Mrs. Rose turned onto Bottom Road, following behind Bostic. Bostic pulled away very fast, and Mrs. Rose estimated that he was driving "between 60 and 70 or approximately even a higher rate than that." The posted speed zone was 35 m.p.h. She saw the vehicle a few minutes later when she arrived at the accident scene where she gave assistance to Bostic after alerting others to Bianchi's vehicle, submerged in the canal.

Bostic contends that the testimony was impermissible character evidence; however, evidence of uncharged misconduct may be admitted to show intent, knowledge, or absence of mistake or accident. NRS 48.045(2). Bostic was charged in counts III and IV of the information with Reckless Driving Causing Death. The State contends that this testimony was admissible to show the requisite mental state for reckless driving, willful or wanton disregard of the safety of other persons or property of others.

In Frame v. Grisewood, 81 Nev. 114, 399 P.2d 450 (1965), we discussed similar observations of a speeding automobile prior to the unobserved collision. We held that the "testimony was plainly admissible on the issues of gross negligence and willful misconduct, and also as independent proof of speed at the place of the accident. . . ." Id. at 121, 399 P.2d at 453. (Citations omitted.) Accord People v. Eagles, 183 Cal.Rptr. 784, 789-790 (Cal.Ct.App. 1982) (evidence of excessive speed resulting in near collision is relevant to knowledge of risk even where prior uncharged conduct occurred several hours before accident).

Additionally, Bostic contends that the district court erred in admitting the testimony of Mr. Watkins and Mrs. Baker, who testified as rebuttal witnesses. Bostic testified in his defense that on June 15, 1985, the day of the accident, he was in Fallon attending a VFW convention. He stated that he was at the convention from 1:30 in the afternoon, when he returned from lunch, until 5:30 or 6:00 that afternoon. He also testified that he had never before traveled on Bottom Road. The testimony of each witness for the purpose of contradicting Bostic's testimony is

clearly distinguishable from the use of specific acts of misconduct to impeach the accused's character or credibility. *See generally McCormick On Evidence* § 42 (E. Cleary 3rd ed. 1984).

Bostic next contends that the district court erred in allowing Bostic to be cross-examined at length regarding certain decals and bumper stickers on his truck. No contemporaneous objection was made; the objection was waived and will be not considered on appeal. Snow v. State, 101 Nev. 439, 447, 705 P.2d 632, 638 (1985).

Lastly, Bostic contends that the district court improperly commented on the evidence to the jury. Article 6, § 12 of the Nevada Constitution provides: "Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." Bostic argues that the district court judge disparaged the evidence to the jury.

The statements of which Bostic complains were made in reference to photographs being admitted. The court stated:

> Now, the witness has testified that there is some graininess, some problems with telescopic results for one reason or another, but they are the best evidence that we have concerning that intersection and should be considered by the jury. So they are admitted into evidence as Defendant's exhibit N through X. . . .

We find that the district court did nothing more than accurately state the testimony of the witness. Accordingly, we find no error.

We have considered all assignments of error raised by Bostic and find them to be without merit. Thus, for the reasons set forth, we affirm the judgment of conviction.