ANTHONY JAMES LONG, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 21622

May 27, 1993                                    853 P.2d 112

*James F. Sloan* and *Leah C. Harper,* Fallon, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Kevin Pasquale,* District Attorney, and *Joe Ward* and *Robert V. Bogan,* Deputy District Attorneys, Churchill County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged in an information filed June 25, 1990, with one count of driving under the influence of intoxicating liquor, third offense, pursuant to NRS 484.379. *See also* NRS 484.3792(1)(c). Specifically, appellant was charged with driving "willfully and unlawfully, while under the influence of intoxicating liquor, and while having a [sic] 0.10% or more by weight of alcohol in his blood."[1] At appellant's trial, expert testimony was presented that a blood sample taken following appellant's arrest contained 0.127 percent by weight of alcohol.

---

[1]Despite the use of the conjunctive in the charging document, the jury was correctly instructed as follows:

In order to prove the defendant guilty of Driving While Intoxicated, the State must prove:
(1) That he drove or was in actual physical control of a vehicle;
(2) Upon a highway or on premises to which the public has access;
(3) While under the influence of intoxicating liquor or while having a 0.10 percent or more by weight of alcohol in his blood.

A jury found appellant guilty on August 9, 1990. The verdict does not reveal on what basis the jury found appellant guilty, but simply states, "We, the jury in the above entitled matter, find the defendant, ANTHONY JAMES LONG, GUILTY of Driving under the Influence of intoxicating liquor." The district court sentenced appellant to serve a term of four years in the Nevada State Prison and to pay a fine of $2,000. This appeal followed.

Appellant contends that the district court erred in instructing the jury about the statutory presumptions regarding percentages of alcohol in the blood created by NRS 484.381.[2] Specifically, appellant contends that Instruction No. 9 was prejudicial because it did not include an instruction on reasonable doubt pursuant to NRS 47.230.[3]

---

[2]Instruction No. 9 provided as follows:

Under the terms of NRS 484.381, in any criminal prosecution for a violation of NRS 484.379 in which it is alleged the defendant was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at that time of the test as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance gives rise to the following inferences which you may, but are not required to, follow:

(a) If there was at that time 0.05% or less by weight of alcohol in the defendant's blood, that at the time of the alleged violation the defendant was not under the influence of intoxicating liquor.

(b) If there was at that time more than 0.05% but less than 0.10% by weight of alcohol in the defendant's blood, no inference that at the time of the alleged violation the defendant was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

(c) If there was at that time 0.10% or more by weight of alcohol in the defendant's blood, that at the time of the alleged violation the defendant was under the influence of intoxicating liquor.

The provisions above noted do not limit the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor.

[3]NRS 47.230 provides:

1. In criminal actions, presumptions against an accused recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this section.

2. The judge shall not direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. Under other presumptions, the existence of the presumed fact may be submitted to the jury if the basic facts are

NRS 484.381 provides in pertinent part:

1.  In any criminal prosecution for a violation of NRS 484.379 or 484.3795 in which it is alleged that the defendant was driving or in actual physical control of a vehicle while he had 0.10 percent or more by weight of alcohol in his blood, the amount of alcohol shown by a chemical analysis of his blood, urine, breath or other bodily substance is presumed to be no less than the amount present at the time of the alleged violation.

2.  In any criminal prosecution for a violation of NRS 484.379 or 484.3795 or for homicide relating to driving a vehicle, in which it is alleged the defendant was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time of the test as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance gives rise to the following presumptions:

(a) If there was at that time 0.05 percent or less by weight of alcohol in the defendant's blood, that at the time of the alleged violation the defendant was not under the influence of intoxicating liquor.

(b) If there was at that time more than 0.05 percent but less than 0.10 percent by weight of alcohol in the defendant's blood, no presumption that at the time of the alleged violation the defendant was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

(c) If there was at that time 0.10 percent or more by weight of alcohol in the defendant's blood, that at the time of the alleged violation the defendant was under the influence of intoxicating liquor.

NRS 484.379, the statute under which appellant was convicted, provides in pertinent part:

1.  It is unlawful for any person who:

(a) Is under the influence of intoxicating liquor; or

---

supported by substantial evidence, or are otherwise established, unless the evidence as a whole negatives the existence of the presumed fact.

3.  Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

(b) Has 0.10 percent or more by weight of alcohol in his blood,

to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

NRS 484.379 was amended in 1983 to forbid, in addition to driving while under the influence, driving with 0.10 percent or more by weight of alcohol in the blood.[4] Despite this amendment, the legislature has not altered the presumptions under NRS 484.381, which include a presumption that a defendant was under the influence of intoxicating liquor at the time of the alleged violation if chemical testing reveals a blood alcohol level of 0.10 percent or more. *See* NRS 484.381(2)(c). Thus, the current state of the law is that a blood alcohol level of 0.10 percent or more is not only a *per se* violation of NRS 484.379, but also, pursuant to NRS 484.381(2)(c), creates a presumption of intoxication, the other basis for a conviction under NRS 484.379.

Under the plain language of NRS 484.379, a person driving a vehicle may violate NRS 484.379 in either of two ways: by driving while under the influence of intoxicating liquor or by driving while having 0.10 percent or more by weight of alcohol in the blood. If either of these is proved beyond a reasonable doubt, it is unnecessary for the state to prove the other. Therefore, in the case of a violation of NRS 484.379, the state may logically charge a defendant with (1) driving while under the influence of intoxicating liquor; (2) driving while having 0.10 percent or more by weight of alcohol in the blood; or (3) driving while under the influence of intoxicating liquor or while having 0.10 percent or more by weight of alcohol in the blood. If a person is charged with violating NRS 484.379 by driving while under the influence of intoxicating liquor, the presumptions regarding intoxication set forth in NRS 484.381(2) are clearly relevant. If a person is charged with violating NRS 484.379 by driving while having 0.10 percent or more by weight of alcohol in the blood, a *per se* violation, intoxication is not· an issue; therefore, the presumptions set forth in NRS 484.381(2) have no application.

A different situation arises when a person is charged alternatively with either driving while under the influence of intoxicating liquor or driving while having 0.10 percent or more by weight of alcohol in the blood. Because intoxication is an issue,

---

[4] NRS 484.3795 was similarly amended.

the presumptions contained in NRS 484.381(2)(a) and NRS 484.381(2)(b) are generally relevant. However, this is not the case with the presumption contained in NRS 484.381(2)(c). If the jury is convinced beyond a reasonable doubt that there was 0.10 percent by weight of alcohol in the defendant's blood, the defendant has committed a *per se* violation of NRS 484.379 pursuant to subsection (1)(b). Therefore, the presumption of intoxication created in NRS 484.381(2)(c) will never come into play when a defendant is charged in the alternative.

This interpretation of NRS 484.379 is in line with our previous decisions involving convictions based on presumed facts. *See* Brackeen v. State, 104 Nev. 547, 763 P.2d 59 (1988); Bostic v. State, 104 Nev. 367, 760 P.2d 1241 (1988); Cotter v. State, 103 Nev. 303, 738 P.2d 506 (1987). *Cotter* involved an appeal from a judgment of conviction of two counts of driving while under the influence of a controlled substance causing substantial bodily harm, in violation of NRS 484.3795. Cotter contended that the district court failed to properly inform the jury of every element of the offense. Specifically, Cotter claimed that the district court erred in not informing the jury that in order to be convicted under NRS 484.3795, a person must be under the influence of a controlled substance "to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle." This court agreed, and reversed Cotter's conviction. This court noted, however, that

> the Legislature has included a *per se* violation of driving under the influence of intoxicating liquor when persons have 0.10 percent or more by weight of alcohol in their blood. Our ruling, of course, has no effect on that provision.

*Cotter,* 103 Nev. at 306 n. 2, 738 P.2d at 508.[5] Thus, in *Cotter,*

---

[5]In Almond v. State, 105 Nev. 904, 785 P.2d 217 (1989), the appellant had been convicted of one count of driving under the influence of alcohol causing death, a violation of NRS 484.3795. The district court did not instruct the jury that a blood-alcohol level of 0.10 gives rise to a presumption of intoxication, or that the jury was required to find the presumed fact beyond a reasonable doubt, presumably because the state had relied on the *per se* violation resulting from proof of such a blood-alcohol level. On appeal, this court did not discuss the difference between a conviction based on a finding of intoxication and one based on a finding of the prohibited blood-alcohol level. Instead, this court erroneously characterized its previous footnote in *Cotter* as follows:

> In a footnote, we explained that the opinion was not intended to have any effect on *the presumption of intoxication set forth in NRS 484.381* which arises when persons have 0.10 percent or more by weight of alcohol in their blood. *Cotter,* 103 Nev. at 306 n.2, 738 P.2d at 508 n.2.

*Almond,* 105 Nev. at 908, 785 P.2d at 220 (emphasis added). This statement

we acknowledged the existence of a *per se* violation of NRS 484.3795 based solely on a blood-alcohol level of 0.10 or more. This violation exists completely apart from a violation based on being under the influence of intoxicating liquor or a controlled substance.

In *Brackeen,* 104 Nev. 547, 763 P.2d 59 (1988), the appellant had been convicted of possession of a credit card without the consent of the owner, a violation of NRS 205.690(3). The district court had instructed the jury pursuant to NRS 205.690(3) that a person who has in his possession two or more credit cards issued in the name of another person is presumed to have obtained the credit cards with knowledge that the credit cards have been stolen with criminal intent. The district court did not instruct the jury, however, that the presumed fact, guilty knowledge, had to be proved, on all the evidence, beyond a reasonable doubt. We held that the district court had erred in not giving the instruction regarding presumptions required by NRS 47.230(3) because a presumed fact against the accused had been submitted to the jury. *Brackeen,* 104 Nev. at 551-52, 763 P.2d at 62-63. The instruction was required in *Brackeen* because the only basis for the conviction was the presumed fact, and the presumed fact was an element of the crime. In contrast, in the instant case, a separate basis for conviction existed: appellant's blood-alcohol level. The presumed fact, intoxication, was not an element of the *per se* crime of driving with 0.10 percent or more of alcohol in the blood.

In *Bostic,* 104 Nev. 367, 760 P.2d 1241 (1988), the appellant was convicted of causing the death of another while intoxicated, a violation of NRS 484.3795. On appeal, Bostic argued that the district court had erred in failing to instruct the jury that the accused must be under the influence "to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle," as required by NRS 484.3795(1). This court noted that, "Bostic's blood alcohol level was over .13 percent at the time of the accident." *Id.* at 368, 760 P.2d at 1242. After quoting our footnote in *Cotter* that driving with 0.10 percent or more by weight of alcohol in the blood is a *per se* violation of NRS 484.3795, we stated: "In this case we have that *per se* violation. Therefore, we perceive no error." *Bostic,* 104 Nev. at 369, 760 P.2d at 1242-43. Bostic did not challenge the

is incorrect. The footnote in *Cotter* refers to the *per se* violation of NRS 484.3795 of driving with 0.10 percent or more by weight of alcohol in the blood. Cotter v. State, 103 Nev. at 306 n.2, 738 P.2d at 508. The *Cotter* footnote makes absolutely no reference to the presumption of intoxication created in NRS 484.381. No presumption in NRS 484.381 has any application to the *per se* crime of driving with a blood-alcohol level of 0.10 or more by weight. Accordingly, we overrule our language in *Almond* to the contrary.

district court's instructions with respect to the presumption of intoxication.

In the instant case, appellant was charged, pursuant to NRS 484.379, with driving while intoxicated and with driving while having 0.10 percent or more by weight of alcohol in his blood. Because appellant was charged in the conjunctive, he was entitled to a jury instruction on the presumptions in NRS 484.381(2)(a) and NRS 484.381(2)(b). The jury received these instructions. Neither of those statutory sections, however, creates a presumption "against the accused." Specifically, NRS 484.381(2)(a) creates a presumption that the accused was not intoxicated, and NRS 484.381(2)(b) creates no presumption. Therefore, contrary to appellant's contention, appellant was not entitled to an instruction pursuant to NRS 47.230 regarding the presumptions in NRS 484.381(2)(a) and NRS 484.381(2)(b).

The jury was also given an instruction on the presumption against the accused contained in NRS 484.381(2)(c). The jury, however, was instructed that it could find appellant guilty if it found that appellant drove either while under the influence, or with a blood alcohol level of 0.10 percent or more. Thus, if the jury believed that the state had proved beyond a reasonable doubt that appellant's blood alcohol level was 0.10 percent or more, the jury would have found that appellant had committed a *per se* violation of NRS 484.379. Therefore, it was not necessary to instruct the jury regarding the presumption created in NRS 484.381(2)(c).

Unfortunately, in this case, the district court did instruct the jury regarding the presumption created in NRS 484.381(2)(c). Because NRS 484.381(2)(c) creates a presumption against the accused, it is governed by NRS 47.230. Further, because NRS 484.381(2)(c) creates a presumption which establishes guilt, the district judge was required pursuant to NRS 47.230(3) to instruct the jury that intoxication, the presumed fact, must be proved beyond a reasonable doubt. This the district court failed to do. Under these circumstances, a conviction based on the presumption of intoxication created in NRS 484.381(2)(c) cannot stand.[6]

---

[6]In the future, if a defendant is charged in the alternative under NRS 484.379 with driving while under the influence of alcohol and driving with a blood-alcohol level of 0.10 or more, the jury should not be instructed regarding the presumption set forth in NRS 484.381(2)(c). The jury should, however, be instructed that if it finds beyond a reasonable doubt that the defendant committed the requisite acts described in NRS 484.370 while having 0.10 percent or more by weight of alcohol in the blood, the jury must find the defendant guilty under NRS 484.379(1)(b).

The verdict form does not reveal on what basis the jury found appellant guilty. Therefore, the jury may have based its verdict on a finding that the state had proved beyond a reasonable doubt that appellant drove with 0.10 percent or more by weight of alcohol in his blood, pursuant to NRS 484.379(1)(b). Unfortunately, the jury may have based its verdict on a finding that appellant drove while intoxicated, pursuant to NRS 484.379(1)(a). In so doing, the jury may have erroneously relied on the presumption in NRS 484.381(2)(c) without finding that the fact giving rise to the presumption, appellant's blood-alcohol level, and thus the presumption itself, had been proved beyond a reasonable doubt. The district court simply allowed the jury to rely on the presumption of intoxication without informing the jury that the state was required to prove the presumption beyond a reasonable doubt. Consequently, we are unable to state as a matter of law that the jury found beyond a reasonable doubt that appellant had 0.10 percent or more by weight of alcohol in his blood. *Cf.* Bostic v. State, 104 Nev. 367, 760 P.2d 1241 (1988). Accordingly, we reverse appellant's conviction and remand this case to the district court for a new trial.