*906
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 On April 25, 1995, at 11:35 p.m., Deputy Sheriff Douglas R. Brady was travelling eastbound on Parr Boulevard in Washoe County, when he encountered a vehicle driving westbound in Brady’s lane, heading straight toward him. The other vehicle overcompensated, swerving back toward the correct lane and off the road until it bounced over the railroad tracks running alongside the westbound lane. Brady made a U-turn and conducted a traffic stop.
 

 Appellant Jerry Melvin Dossey was sitting in the driver’s seat with the fly of his pants open and his penis exposed. Brady further observed Dossey urinating on himself. Brady testified that Dossey’s exact words were that he knew he “was too driving to be drunk but . . . was only a home from a block.’ ’ Brady noticed that Dossey smelled of alcohol and had slurred speech and bloodshot watery eyes. After Brady asked him to step out of his vehicle so Brady could conduct a field sobriety test, Dossey made three attempts to comply before he was able to exit the car. Dossey was also unsteady on his feet. Brady conducted several sobriety tests, all of which Dossey failed. Dossey was arrested, taken to the police station, and given a blood alcohol test.
 

 On April 26, 1995, Sierra Nevada Laboratories received Dossey’s blood sample, and on April 27, 1995, Dorothy Walrath, a lab technician qualified to analyze blood for alcohol content, conducted two tests to determine Dossey’s blood alcohol level. The results were 0.274 and 0.272 percent of alcohol by weight in Dossey’s blood.
 

 On June 23, 1995, the state filed an information, charging Dossey with one count of driving under the influence, one count of driving while having 0.10 percent or more by weight of alcohol in his blood, and one count of having a blood alcohol level of 0.10 percent or more by weight of alcohol in his blood within two
 
 *907
 
 hours of driving, all in violation of NRS 484.379(1). These counts were not charged in the alternative. Dossey’s jury trial commenced September 25, 1995, resulting in guilty verdicts on all three counts. He was subsequently sentenced to three terms of six years in prison, each to run concurrently.
 

 DISCUSSION
 

 Endorsement of a witness
 

 Dossey first contends that the district court erred by allowing Walrath, the lab technician who performed the blood analysis, to testify. He argues that because the information only endorsed Walrath as “Sierra Nevada Laboratories: lab technician,” her name was not properly endorsed as required by NRS 173.045(2).
 
 [1]
 
 The state responds that it did not know the name of the specific lab technician who analyzed Dossey’s blood until shortly before trial. The state further points out that Dossey never attempted to obtain Walrath’s name prior to trial.
 

 Whether the state may be allowed to endorse the name of a witness on the information is largely within the trial court's discretion, and absent an abuse of that discretion or a substantial injury to the defendant, this court will not reverse an order permitting such an endorsement. Dalby v. State, 81 Nev. 517, 519, 406 P.2d 916, 917 (1965). Further, "[ajbsent evidence to the contrary, an unendorsed witness is presumed to have been unknown to the district attorney." Redmen v. State, 108 Nev. 227, 233, 828 P.2d 395, 399 (1992), overruled on other grounds by Alford v. State, 111 Nev. 1409, 906 P.2d 714 (1995).
 

 We conclude that, under the circumstances of this case, endorsing Walrath as “Sierra Nevada Laboratories: lab technician” was a sufficient endorsement because she was only one of two or three technicians at that facility qualified to analyze blood alcohol content, and with only minimal and reasonable efforts, Dossey could have found out Walrath’s name if that information was imperative.
 
 *908
 
 In addition, even if the state erred by not previously endorsing Walrath by name, the proper remedy is a continuance, not exclusion of the witness’s testimony as Dossey requested.
 
 See id.
 
 at 234, 828 P.2d at 400; Barker v. State, 95 Nev. 309, 315, 594 P.2d 719, 722-23 (1979). Dossey never requested a continuance. Moreover, we note that Dossey incurred no substantial injury as his attorney was able to conduct a well-prepared and extensive cross-examination of Walrath, even without previously knowing her name. Accordingly, we conclude that the district court did not abuse its discretion.
 

 Prosecutorial misconduct
 

 Next, Dossey argues that the prosecutor committed misconduct in her closing argument by shifting the burden of proof to the defense. The prosecutor argued:
 

 Tbu have heard talk throughout all the proceedings in this trial of hypothetically this could have happened, that could have happened.
 

 But no testimony to anything beyond the facts in this case was presented.
 

 There has been no evidence presented that anything out of the ordinary happened.
 

 Dossey objected, and the district court overruled his objection.
 

 We conclude that the prosecutor’s remark did not constitute misconduct.
 
 See
 
 Sanders v. State, 96 Nev. 341, 609 P.2d 324 (1980). Moreover, overwhelming evidence exists to prove that Dossey violated NRS 484.379(1). Brady testified that Dossey was driving erratically, his penis was exposed, he was urinating in his pants, he told Brady specifically that he “was too driving to be drunk but . . . was only a home from a block,” he smelled of alcohol, he had slurred speech and bloodshot watery eyes, it took three attempts for Dossey to exit his vehicle, and he failed the field sobriety test. Also, Walrath testified that Dossey’s blood alcohol content was 0.272 percent one and one-half hours after he was stopped. Accordingly, we conclude that this argument lacks merit.
 

 Redundant conviction
 

 We conclude that Dossey’s conviction is redundant and therefore vacate two counts of his conviction. In Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), this court reversed as redundant
 
 *909
 
 two counts of reckless driving causing death and two counts of involuntary manslaughter while upholding the appellant’s conviction of two counts of felony driving under the influence causing death. This court held:
 

 The gravamen of all the charges is that Albitre proximately caused the death of two persons by operating a vehicle in a reckless and unsafe manner due to her intoxication. The State has simply compounded the convictions by eliminating the aspect of alcohol from the four counts under question. We are convinced that the Legislature never intended to permit the State to proliferate charges as to one course of conduct by adorning it with chameleonic attire. Although charging to the limit may be justified to cover developing nuances of proof, the jury should have received an instruction limiting the number of conviction alternatives. The failure to do so was error.
 

 Id.
 
 at 284, 738 P.2d at 1309.
 

 We conclude that the same error was committed here. NRS 484.379(1) states:
 

 1. It is unlawful for any person who:
 

 (a) Is under the influence of intoxicating liquor;
 

 (b) Has 0.10 percent or more by weight of alcohol in his blood; or
 

 (c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have 0.10 percent or more by weight of alcohol in his blood,
 

 to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.
 

 Dossey was charged and convicted of each subsection, resulting in three separate counts.
 

 We conclude that the legislature intended the subsections of this statute to define alternative means of committing a single offense, not separable offenses permitting a conviction of multiple counts based on a single act.
 
 See, e.g.,
 
 Long v. State, 109 Nev. 523, 528, 853 P.2d 112, 115 (1993) (holding that “[ujnder the plain language of NRS 484.379, a person driving a vehicle may violate NRS 484.379 in either of two ways: by driving while under the influence of intoxicating liquor or by driving while having 0.10 percent or more by weight of alcohol in the blood”
 
 [2]
 
 );
 
 accord
 
 Blume v. State, 112 Nev. 472, 915 P.2d 282 (1996).
 

 
 *910
 
 The district court erred by failing to instruct the jury that it could find Dossey guilty of only one count under NRS 484.379(1). Accordingly, we affirm Dossey’s conviction and sentence on one count alleging violation of NRS 484.379(l)(a). We vacate his conviction and sentences on the remaining two counts.
 

 [1]
 

 In 1995, NRS 173.045(2) stated:
 

 The district attorney or the attorney general shall endorse thereon the names of such witnesses as are known to him at the time of filing the information, and shall also endorse upon the information the names of such other witnesses as may become known to him before the trial at such time as the court may, by rule or otherwise, prescribe; but this does not preclude the calling of witnesses whose names, or the materiality of whose testimony, are first learned by the district attorney or the attorney general upon the trial. He shall include with each name the address of the witness if known to him. He shall not endorse the name of any witness whom he does not reasonably expect to call.
 

 [2]
 

 Long
 
 does not explain that NRS 484.379(1) may be violated in
 
 three
 
 circumstances because the third circumstance set out in NRS 484.379(l)(c) (having 0.10 percent or more by weight of alcohol in the blood within two hours after driving) was added to NRS in the 1993 legislative session, after
 
 Long.
 
 1993 Nev. Stat., ch. 249, § 1, at 539.