An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VLADIMIR LAGEREV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58417

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of DUI causing death. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Vladimir Lagerev contends that the district court erred by allowing the State to call an expert rebuttal witness because his testimony did not rebut any evidence. Lagerev also asserts that allowing this witness to testify on rebuttal denied him the opportunity to present his own expert witness. The State's rebuttal witness directly contradicted evidence introduced by the defense as well as inferences elicited by Lagerev's cross-examination of the State's other witnesses. See Morrison v. Air California, 101 Nev. 233, 235-37, 699 P.2d 600, 602 (1985) (discussing scope of rebuttal evidence); see also U.S. v. Burch, 153 F.3d 1140, 1144 (10th Cir. 1998) (rebuttal evidence allowable where a "defendant opens the door to the subject matter" (internal quotation marks omitted)); State v. Davis, 731 S.E.2d 236, 243 (N.C. Ct. App. 2012) (rebuttal evidence allowable where defendant's examination of a witness raises an inference favorable to the defense but contrary to the facts). Further, the State's use of an expert witness did not preclude Lagerev

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10385

from employing his own expert witness and he did not indicate any desire to do so. Therefore, we conclude Lagerev fails to demonstrate that the district court abused its discretion by allowing the State's expert rebuttal witness to testify. See Lopez v. State, 105 Nev. 68, 81, 769 P.2d 1276, 1285 (1989).

Lagerev next contends that the district court erred by declining to allow him to call an untimely disclosed impeachment witness because impeachment witnesses need not be disclosed prior to trial and the witness' testimony directly supported his theory of defense. Lagerev informed the district court that the witness would impeach the testimony of a Highway Patrol officer. On appeal, Lagerev contends that the witness' testimony was admissible to impeach the testimony of a different witness. Because Lagerev did not offer the testimony for this purpose in the district court, we decline to consider this contention on appeal. See McCall v. State, 97 Nev. 514, 516, 634 P.2d 1210, 1212 (1981) ("Where evidence is not offered for a particular purpose at trial, an appellate court will not consider it for that purpose on appeal."). Moreover, even if the district court abused its discretion by concluding that the proffered witness could not testify in Lagerev's case-in-chief due to untimely disclosure, see NRS 174.234(1)(a)(1); Mitchell v. State, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008), any error was harmless because the witness' proffered testimony related only to a prior existing condition and was thus irrelevant to the determination of Lagerev's guilt. See NRS 484C.430(1); Williams v. State, 118 Nev. 536, 550-51, 50 P.3d 1116, 1125-26 (2002) (concluding that evidence of county's negligence was irrelevant in a trial for DUI causing death because any negligence was a preexisting condition that could not establish that defendant was not the proximate cause of the

accident); <u>Etcheverry v. State</u>, 107 Nev. 782, 784-85, 821 P.2d 350, 351-52 (1991) (discussing proximate cause in context of DUI prosecution); <u>see also</u> <u>Bostic v. State</u>, 104 Nev. 367, 369-70, 760 P.2d 1241, 1243 (1988).

Lagerev also asserts that the prosecutor made an incorrect statement of law during closing argument and the district court erred by declining to dismiss the entire jury because it was "tainted" during the voir dire process. Lagerev does not support these contentions with any cogent argument or citation to authority and we therefore decline to address them. <u>See</u> <u>Maresca v. State</u>, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
Sandra L. Stewart
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk