# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDREW JOHN HODGES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74515

FILED

APR 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery, burglary, battery with the intent to commit a crime, and leaving the scene of an accident. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Andrew John Hodges was charged following a vehicle robbery and subsequent hit-and-run accident that occurred while he was driving the stolen vehicle.

On appeal, Hodges argues that a reversal of his conviction is required on the grounds that he was deprived of a fair trial because the district court precluded him from advancing his theory of defense by limiting his cross-examination of two police officers who responded to the scene; that he was entitled to, and the court deprived him of, a number of jury instructions on lesser-included offenses; and that the State committed various forms of prosecutorial misconduct. Additionally, Hodges argues that even if these errors are harmless individually, their cumulative effect warrants a reversal of his conviction. We conclude that reversal is not warranted in this case.

19-18247

*Hodges' cross-examination of two police officers*

Hodges first argues that the district court abused its discretion by preventing him from cross-examining two police officer witnesses to elicit evidence that would support his theory of defense—that Hodges had committed lesser, uncharged crimes. We disagree. "Evidence that is not relevant is simply inadmissible." *Carroll v. State*, 132 Nev. 269, 275, 371 P.3d 1023, 1028 (2016); NRS 48.025(2). As the district court determined and the State argued, Hodges' theory of defense was that the State had overcharged him. At trial, Hodges attempted to question the police officers about charges written in the police report and the crimes actually charged against him. He also attempted to question the officers based on a hypothetical scenario. This line of questioning was irrelevant to determining whether he committed the crimes actually charged. The testifying officers did not arrest Hodges or write the arrest report; thus, the officers' opinions on hypothetical police reports and the ultimate conclusions on why certain crimes were not charged were "irrelevant to [Hodges'] guilt or innocence." *Collins v. State*, 133 Nev., Adv. Op. 88, 405 P.3d 657, 666 (2017). We thus conclude that the district court did not abuse its discretion in limiting Hodges' cross-examination of the police officers. *See id.* at 664 (stating that evidentiary rulings are reviewed for an abuse of discretion).

*Jury instructions*

Hodges argues the district court made three errors concerning jury instructions and that these errors denied him a fair trial. We review a district court's decisions regarding jury instructions for an abuse of discretion. *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

Hodges first argues that larceny from the person is a lesser-included offense of robbery, so he was entitled to a sua sponte lesser-included jury instruction. However, "a district court must not instruct a

jury on theories that misstate the applicable law." We conclude that Hodges was not entitled to a jury instruction, sua sponte or otherwise, on larceny as a lesser-included offense of robbery as such an instruction would have been a misstatement of the law. "[A]n offense is lesser included only where the defendant in committing the greater offense has also committed the lesser offense." *Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004). "Thus, if the uncharged offense contains a necessary element not included in the charged offense, then it is not a lesser-included offense and no jury instruction is warranted." *Alotaibi*, 133 Nev. at 653, 404 P.3d at 764.

Pertinent here, NRS 200.380(1) defines robbery as:

> the *unlawful taking of personal property from the person of another*, or in the person's presence, against his or her will, *by means of force or violence or fear of injury*, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery.

(Emphasis added.) NRS 205.270 defines the crime of larceny from the person as follows:

> 1. A person who, *under circumstances not amounting to robbery*, with the intent to steal or appropriate to his or her own use, *takes property from the person of another*, without the other person's consent, is guilty of:
>
> (a) If the value of the property taken is less than $3,500, a category C felony and shall be punished as provided in NRS 193.130; or
>
> (b) If the value of the property taken is $3,500 or more, a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, and by a fine of not more than $10,000.

 

(Emphasis added.)

We recently explained in *Alotaibi* that "when an element goes *only* to punishment and is not essential to a finding of guilt, it is not an element of the offense for purposes of determining whether a lesser-included-offense instruction is warranted." 133 Nev. at 655, 404 P.3d at 765. Hodges argues that our reasoning in *Alotaibi* demonstrated that larceny of the person is a lesser-included offense of robbery because subsections (a) and (b) of NRS 205.270(1) only go towards punishment and are therefore not elements of robbery within the lesser-included-offense analysis. We disagree that *Alotaibi* applies to this case. Hodges ignores the very first element in the larceny statute: "under circumstances not amounting to robbery." NRS 205.270(1). This language demonstrates the Legislature's intent that the offenses be mutually exclusive. By NRS 205.270(1)'s own terms, larceny of the person cannot amount to robbery. *See Smith*, 120 Nev. at 946-47, 102 P.3d at 571 (analyzing similar language in the trespass-burglary context and holding that the offenses are mutually exclusive). Accordingly, we conclude that the district court did not abuse its discretion for failing to sua sponte instruct the jury on larceny of the person. *Vallery*, 118 Nev. at 372, 46 P.3d at 77.

Next, Hodges argues that the district court erred in rejecting his proposed jury instruction that simple larceny is a lesser-included offense of robbery. He adds that both the petit larceny statute, NRS 205.240, and grand larceny statute, NRS 205.220, are subsumed within the robbery statute because they both require the "taking of personal property from another person," and the only difference is that robbery requires the element of force. We cannot agree.

Hodges' argument ignores the language and structure of the larceny statutes. Pursuant to NRS 205.240(1)(a)(1), "a person commits petit larceny if the person . . . [i]ntentionally steals, takes and carries away, leads away or drives away . . . [p]ersonal goods or property, with a value of less than $650, owned by another person." And, pursuant to NRS 205.220(1)(a), "a person commits grand larceny if the person . . . [i]ntentionally steals, takes and carries away, leads away or drives away . . . [p]ersonal goods or property, with a value of $650 or more, owned by another person." The value of the property stolen under NRS 205.240(1)(a)(1) and NRS 205.220(1)(a) does not simply determine whether the penalty for larceny is a misdemeanor or felony, but rather, whether the defendant is actually guilty of the offense of petit larceny or the offense of grand larceny. This value element is absent under the robbery statute, thereby removing it as a possible lesser-included offense of robbery. Additionally, Hodges ignores that fact that the penalties for the larceny offenses are contained within entirely different statutes, *see* NRS 205.222(1)-(3) (distinguishing between category C and B felonies depending on whether the stolen property was valued below or above $3,500); NRS 205.240(2) (stating that "a person who commits petit larceny is guilty of a misdemeanor"), meaning that the value element under each statute does not go solely to punishment and is instead necessary to proving the offense. Thus, we conclude that the district court did not abuse its discretion in rejecting Hodges' proposed jury instruction on this issue.

Finally, Hodges argues that the district court erred by refusing his oral request for an instruction regarding the elements of grand larceny of a vehicle, despite the fact that the State did not charge him with this crime or attempt to prove the crime at trial. To the extent his request was

for a lesser-related instruction, we have unambiguously held that such instructions are improper. *See Peck v. State,* 116 Nev. 840, 845, 7 P.3d 470, 473 (2000) (concluding that a defendant is not entitled to a jury instruction on "offenses that are not included offenses, but are merely related offenses" because "allow[ing] a conviction on a crime that the State has not even attempted to prove is not a reliable result"), *overruled on other grounds by Rosas,* 122 Nev. at 1266, 147 P.3d at 1107. And, to the extent his request was for a theory-of-defense instruction, as we explain above, the district court had wide discretion to reject Hodges' proposed jury instruction if it believed that the instruction was not pertinent or was an inaccurate statement of the law. NRS 175.161(3). Accordingly, we conclude that the district court did not abuse its discretion in denying Hodges' oral request for a jury instruction on grand larceny of a vehicle.

*Prosecutorial misconduct*

Hodges' next argues that the prosecutor committed various acts of prosecutorial misconduct by: (1) shifting the burden of proof, (2) disparaging Hodges and his legitimate defense tactics, (3) vouching for witnesses, (4) misstating the law, and (5) arguing the presumption of innocence did not apply to Hodges. We utilize a two-step analysis when considering claims of prosecutorial misconduct—we must first "determine whether the prosecutor's conduct was improper[, and if so], we must [next] determine whether the improper conduct warrants reversal." *Valdez v. State,* 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Even if the conduct was improper, this court will not reverse the conviction if the error was harmless. *Id.* However, harmless-error review applies only when the defendant objected to the error at trial, thereby preserving the error for appellate review. *Id.* at 1190, 196 P.3d at 477. If the defendant failed to object, then this court employs plain-error review and reversal is warranted

 

only if the error is plain from a review of the record and the defendant shows that the error caused actual prejudice or a miscarriage of justice. *Id.*

*Shifting the burden of proof*

Hodges argues that the State shifted the burden of proof to him when the prosecutor stated during rebuttal that "at no point in time was there any evidence presented to you that this Defendant provided his driver's license, his insurance, rendered any aid to anybody that was on scene." Hodges objected to the statement, and the district court sustained it but did not instruct the jury to disregard the statement, which Hodges argues prejudiced him. As Hodges objected, we review for harmless error.

A statement that appears to shift the burden to a defendant, but does "not directly comment on [the defendant]'s failure to take the stand" does not amount to "a constitutionally impermissible reference." *Rippo v. State*, 113 Nev. 1239, 1254, 946 P.2d 1017, 1026 (1997); *see also Valdez*, 124 Nev. at 1189, 196 P.3d at 477 (detailing the standard of review for constitutional and nonconstitutional harmless error). It is not misconduct when a prosecutor points out that, in light of the overwhelming evidence against the defendant, the defendant cannot explain away his actions. *Dossey v. State*, 114 Nev. 904, 908, 964 P.2d 782, 784 (1998).

Here, we conclude that the prosecutor's statement that Hodges did not give aid or produce his license and insurance was not prosecutorial misconduct as it was a reference to him leaving the scene of the accident. Moreover, to the extent the statement may have shifted the burden to Hodges, any perceived error would have been harmless given the overwhelming evidence against him, including victim and witness testimony, and surveillance footage showing Hodges banging on the victim's vehicle, an altercation with the victim, the subsequent collision after he took

off in the victim's vehicle, and him leaving the scene of the subsequent collision. *See Valdez*, 124 Nev. at 1188, 196 P.3d at 476.

Hodges also argues that the State shifted the burden of proof to him when the prosecutor stated the following during closing argument:

> *So, what's the defense? What's the defense going to come up here with* when there's overwhelming evidence in this case; what do they want you to believe? Well, there's your statute. Every person who by day or night enters a vehicle with the intent to commit assault and/or battery and/or larceny then is guilty of burglary.

(Emphasis added.) Hodges failed to object and we thus review for plain error. We conclude there was no error as the prosecutor's statement accurately reflected the elements of the crime charges. In addition, Hodges has failed to show actual prejudice or a miscarriage of justice in light of the victim's and witnesses' testimonies that Hodges assaulted the victim and then stole the victim's vehicle. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

*Disparaging Hodges and his legitimate defense tactics*

Hodges argues that the prosecutor disparaged him when he called him a "menace" and a "maniac" in his closing argument, and that this characterization was "an improper attempt to engender in the jury feelings of prejudice, fear, and loathing towards [him]." During the State's closing argument, the prosecutor argued that one of the witness's testimony provided the jury an idea of the "type of menace you're dealing with," and repeatedly stated that Hodges drove "like a maniac." Hodges failed to object to any of these comments by the prosecutor.

"[A] prosecutor should be unprejudiced, impartial, and nonpartisan, and he should not inject his personal opinion" or make comments that "inflame the jury's fears or passions in the pursuit of a conviction." *Id.* at 1192, 196 P.3d at 478 (internal quotation marks omitted).

However, a court will not reverse a conviction based on a prosecutor's inflammatory characterization of the defendant if there is evidence to support that characterization. *Rose v. State*, 123 Nev. 194, 208-10, 163 P.3d 408, 418 (2007) (holding that the prosecutor's characterization of the defendant "as a predator" was supported by the evidence and was therefore not erroneous).

The evidence adduced at trial showed that Hodges walked through traffic on Las Vegas Boulevard, and that he stopped in front of the victim's vehicle and began pounding on the hood. He then pulled the victim out of the vehicle and punched him. Thereafter, Hodges entered the vehicle and began touching the buttons "erratically" and revving the vehicle while parked. He eventually took off in the victim's vehicle and caused a collision with at least two other cars. Based on this evidence, we conclude there was no error.

Hodges argues that the State mocked his legitimate defense tactics when the prosecutor stated during closing argument, without objection from Hodges:

> Argue [the robbery elements] all day [if] you want. Oh, [the victim] -- blame [the victim]. That's what happens in these type of cases when there's overwhelming evidence. The defense wants you to do this and this, blame anybody other than the Defendant. No, argue that all day long, it doesn't work.

The prosecutor went on to argue that Hodges' intoxication had no bearing on his intent: "Again, what's the defense want[ ] you to believe? Well, he was under the influence. Sure he was." We conclude that Hodges' argument lacks merit. *See Parker v. State*, 109 Nev. 383, 392, 849 P.2d 1062, 1068 (1993) (stating that such arguments are permissible "when made as a deduction or a conclusion from the evidence introduced in the trial")

 

(quoting *Collins v. State*, 87 Nev. 436, 439, 488 P.2d 544, 545 (1971)). As there was overwhelming evidence presented showing that Hodges took the vehicle from the victim and it was Hodges who elicited testimony from the victim about whether Hodges appeared intoxicated, we conclude that Hodges has failed to demonstrate how he was prejudiced by the prosecutor's comments or that there was a miscarriage of justice.[1]

*Impermissible vouching for witnesses*

Hodges argues that the State vouched for three of its witnesses by suggesting that each gave truthful testimony and asking the jury to base its verdict on the prosecutor's assurances. We disagree. A prosecutor may draw inferences about a witness's credibility, but the prosecutor may not suggest that he or she knows facts not available to the jury, nor can the prosecutor throw the prestige of the government behind the witness. *United States v. Weatherspoon*, 410 F.3d 1142, 1147-48 (9th Cir. 2005).

In his closing argument, Hodges argued that "[p]eople will be certain that something happened, but it may not be accurate." He added, "[a]ll these witnesses testified. And I don't think it was malicious or they probably didn't do it intentionally[,] . . . [b]ut . . . their testimony was not accurate." In response, the prosecutor argued,

> who has the motivation to be untruthful here? Do those three people who didn't know the Defendant have the motivation to be untruthful? . . . None of these people have a motivation to be untruthful,

---

[1]For these same reasons, we reject Hodges' argument that the State again disparaged his defense tactics when, in response to Hodges' claim during his closing argument that a second victim was malingering, the prosecutor detailed for the jury the injuries sustained by the second victim. These comments were supported by the evidence adduced at trial. *See Parker*, 109 Nev. at 392, 849 P.2d at 1068.

ladies and gentlemen, so we ask that you consider their testimony and base your decision on that.

The prosecutor did not argue facts not in evidence or attempt to vouch for the witnesses. Rather, these comments were a permissible response to Hodges' attempt to attack the credibility of the State's witnesses. *See Evans v. State*, 117 Nev. 609, 630, 28 P.3d 498, 513 (2001) (stating that it is reasonable and permissible for the State to defend its witnesses in rebuttal after the defendant attacks their credibility during closing argument), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015); *Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) (determining that statements short of an endorsement—those that underscore the jury's responsibility to weigh the credibility of the witnesses—are not vouching and are therefore permissible).

*Misstatement of the law*

Hodges next argues that the State misstated the law by arguing in closing, without objection from Hodges, that Hodges' intoxication "does not negate the crime of burglary." We conclude that this argument also lacks merit. A prosecutor may not misstate the law in closing argument. *Greene v. State*, 113 Nev. 157, 176, 931 P.2d 54, 66 (1997), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000). In response to evidence presented at trial by Hodges suggesting that he was intoxicated at the time of the incident, the prosecutor argued in closing:

> No question, . . . argue that [Hodges] was under the influence all you want. It does not negate the crime of burglary.
>
> The intention with which entry was made is a question of fact which may be inferred from the Defendant's conduct and all other circumstances disclosed by the evidence.



The prosecutor's statement tracked the statute on voluntary intoxication and the jury instruction, and was thus not a misstatement of the law. *See* NRS 193.220 (providing that '[n]o act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his or her condition, but . . . the person's intoxication may be taken into consideration in determining the purpose, motive or intent").

*Presumption of innocence*

Finally, Hodges argues that the State impermissibly argued that the presumption of innocence did not apply to him when the prosecutor told the jury, "[t]his case was over [the] middle of yesterday. You knew exactly what happened and what this man did." As Hodges failed to object, we review for plain error.

We have held that "[a] prosecutor may suggest that the presumption of innocence has been overcome; however, a prosecutor may never properly suggest that the presumption no longer applies to the defendant." *Morales v. State*, 122 Nev. 966, 972, 143 P.3d 463, 467 (2006). As the State argues, and our review of the record demonstrates, the prosecutor was arguing the strength of its case in light of the overwhelming evidence against Hodges, which was permissible. *See Parker*, 109 Nev. at 392, 849 P.2d at 1068 (providing that it is permissible for a prosecutor to draw deductions or conclusions from the evidence presented at trial and to argue them in closing). The prosecutor never stated that the presumption of innocence did not apply. *See Morales*, 122 Nev. at 972, 143 P.3d at 467 (concluding that the prosecutor erred by stating that "a presumption of innocence [existed] at the beginning of trial" but that presumption no longer existed after the state met its burden of proof). And contrary to Hodges' argument regarding the timing of the statement, the prosecutor's comments were made during closing argument after State had rested its case, thus

 

minimizing prejudice, if any. Accordingly, we conclude that the statement was not improper and Hodges fails to show any actual prejudice or miscarriage of justice.

*Cumulative error*

Hodges' final argument on appeal is that the cumulative effect of the errors at trial warrant a reversal of his conviction. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (quoting *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002)). "When evaluating a claim of cumulative error, we consider the following factors: (1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Id.* (internal quotation marks omitted). Here, the issue of guilt is not close given the overwhelming evidence presented against Hodges. And seeing no errors, we reject Hodges' cumulative error argument.

Having considered Hodges' claims and concluding that they do not warrant a reversal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth Judicial District Court Clerk