# IN THE SUPREME COURT OF THE STATE OF NEVADA

UBALDO SALDANA GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83971

FILED

NOV 16 2022


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an amended judgment of conviction. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

On March 11, 2013, the district court convicted appellant of 13 counts of sexual assault on a child under the age of 14 years and 14 counts of lewdness with a child under the age of 14 years. The district court sentenced appellant to serve two consecutive terms of life with the possibility of parole after 35 years and various concurrent terms. This court affirmed the judgment of conviction. *Garcia v. State*, No. 62921, 2015 WL 918769 (Nev. Mar. 2, 2015) (Order of Affirmance). The Nevada Court of Appeals affirmed the denial of appellant's postconviction petition for a writ of habeas corpus. *Saldana-Garcia v. State*, Docket No. 74376-COA, 2018 WL 6433085 (Nev. Ct. App. Dec. 4, 2018) (Order of Affirmance).

On October 13, 2021, the State filed a motion to amend the judgment of conviction to vacate the convictions and corresponding concurrent sentences imposed for the lewdness counts because they were pleaded as alternatives to the sexual assault counts. At a hearing on the motion, appellant agreed that the lewdness counts should be vacated, but he argued that the remedy should also include a new sentencing hearing.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-36076

The district court rejected appellant's request and subsequently vacated the lewdness convictions and dismissed those counts in an amended judgment of conviction. This appeal follows.

Appellant argues that the district court should have held a new sentencing hearing because the redundant lewdness convictions likely influenced the overall sentence. Appellant further notes that the sentencing judge did not preside over the trial and therefore did not know the details about the case, and he argues that the State made inaccurate statements at sentencing about the victim's purported recantation.

The district court generally has wide discretion in sentencing matters, and "absent an abuse of discretion, the district court's determination will not be disturbed on appeal." *Brake v. State*, 113 Nev. 579, 584, 939 P.2d 1029, 1033 (1997) (quoting *Randell v. State*, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993)). Having considered the record and the parties' briefs, we conclude that the district court did not abuse its discretion in declining to conduct a new sentencing hearing.[2] Appellant has not cited relevant authority or provided a cogent argument that a new sentencing is required in the circumstances presented here. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (recognizing "[i]t is appellant's responsibility to present relevant authority and cogent argument"). On multiple occasions, we have vacated or reversed redundant convictions and related sentences without directing the district court to conduct a new sentencing hearing. *See, e.g., Shue v. State*, 133 Nev. 798, 809, 407 P.3d 332, 340-41 (2017) (vacating redundant

---

[2]We reject the State's argument that the denial of appellant's request for a new sentencing hearing is not cognizable in this appeal given that decision relates to proceedings on the motion to amend the judgment of conviction. *See* NRS 177.045 (providing that intermediate decisions of the district court may be raised in an appeal from a final judgment).

convictions and directing the district court to enter an amended judgment of conviction); *Byars v. State*, 130 Nev. 848, 866, 336 P.3d 939, 951 (2014) (reversing a conviction where the district court improperly adjudicated appellant guilty of an offense that the parties agreed had merged with another offense and requiring the district court to correct the judgment of conviction); *Braunstein v. State*, 118 Nev. 68, 78-79, 40 P.3d 413, 420-21 (2002) (concluding the district court properly struck convictions for lewdness as lewdness and sexual assault are mutually exclusive offenses when involving the same conduct); *Dossey v. State*, 114 Nev. 904, 910, 964 P.2d 782, 785 (1998) (vacating redundant convictions and sentences). And appellant's arguments about his counsel's performance and the prosecutor's arguments at the sentencing hearing are not properly raised in this appeal. *See Jackson v. State*, 133 Nev. 880, 881-82, 410 P.3d 1004, 1006 (Ct. App. 2017) ("[W]e conclude that in an appeal taken from an amended judgment of conviction, the appellant may only raise challenges that arise from the amendments made to the original judgment of conviction."). But even if we considered those arguments in the context of determining whether a new sentencing hearing is required because of the combined prejudicial effect of the redundant lewdness convictions and allegedly improper arguments at the sentencing hearing, appellant has not demonstrated that the sentencing judge considered improper arguments or impalpable or highly suspect evidence in imposing consecutive sentences. *See generally Echeverria v. State*, 119 Nev. 41, 44, 62 P.3d 743, 745 (2003) (requiring a new sentencing hearing in front of a different sentencing judge when the State breaches the plea agreement); *Brake,* 113 Nev. at 585, 939 P.2d at 1033 (requiring a new sentencing hearing when the district court improperly relied on the defendant's refusal to admit guilt and show remorse); *Norwood v. State*, 112 Nev. 438,

440, 915 P.2d 277, 278-79 (1996) (recognizing that consideration of impalpable or highly suspect evidence requires a new sentencing hearing in front of a different district court judge). Instead, the record shows that the sentencing judge was informed of the facts of the case before imposing the sentences.[3] And the State's arguments about the alleged recantation do not amount to impalpable or highly suspect evidence. It also does not appear that the lewdness counts influenced the sentencing judge's decision to impose consecutive sentences for two of the sexual assault counts. A more reasonable reading of the record, as appellant appears to acknowledge in his briefs, indicates the sentencing judge imposed two of the sentences to be served consecutively because there were two victims. Accordingly, we

ORDER the amended judgment of conviction AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:　Hon. Ronald J. Israel, District Judge
　　　Federal Public Defender/Las Vegas
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk

---

[3]As appellant notes, the sentencing judge did not preside over the trial. Nevertheless, there is no indication that the sentencing judge was not prepared for sentencing in this case.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.