An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC HULL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65528

FILED

DEC 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a stolen vehicle with a value greater than $3,500. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Eric Hull contends that insufficient evidence was adduced to support the jury's verdict. Hull claims that the State failed to prove that he was in possession of a stolen vehicle. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).[1]

---

[1]Hull was found not guilty of grand larceny auto.

Officer Benjamin Baldassarre of the Las Vegas Metropolitan Police Department testified that while on patrol during the night in question, his suspicion was aroused when he spotted "a brand new Hyundai" parked in the carport of a vacant house. The dome light inside the vehicle was on and Officer Baldassarre could see two people in the front seat. The officer made a U-turn and shined his spotlight on the vehicle, at which point, he saw Hull "standing outside of the driver's seat" and the other individual, a female, still seated on the passenger side of the front seat. Officer Baldassarre testified that Hull "looked directly at me" and that he "got a really good look at him." Hull left the scene before the officer could make contact with him. Officer Baldassarre encountered Hull nearly two weeks later during a traffic stop and Mirandized him. Hull acknowledged being in the Hyundai on the night in question, and admitted to Officer Baldassarre "that he took off from the car when he saw me shine my spotlight on him because he got spooked. And I asked him . . . why did you get spooked and he said, I didn't want to be caught in a stolen car." Officer Baldassarre testified that Hull later "contradicted himself" and told the officer that "he didn't know it was stolen," only offering that "he knew it did not belong to himself, the girl he was with or the male that was the third one involved."

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient

evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 205.273(1)(b). Therefore, we conclude that Hull's contention is without merit.

Second, Hull contends that the district court erred by overruling his objection and denying his motion for a mistrial after allowing testimony about an uncharged prior bad act in violation of NRS 48.045(2). Hull claims that Officer Baldassarre's reference to "a vacant house," where the officer saw Hull with the stolen vehicle, amounts to improper character evidence. We disagree with Hull's contention.

A district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, the district court heard arguments from counsel and, citing to *Brackeen v. State*, 104 Nev. 547, 553, 763 P.2d 59, 63 (1988), denied Hull's motion for a mistrial after determining that "[t]he Officer's statement about why his attention was drawn to the vehicle is just part of . . . his narration of why he stopped, why he looked in that direction." The district court also noted the following: the matter of the vacant house "was not dwelled upon," an inference could also be made that the house was not vacant based on other testimony from the same officer, and "the evidence was more probative than prejudicial." Additionally, we agree with the State that the evidence in question did not implicate a prior bad act and was admissible independent of NRS 48.045(2) and *Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997), *modified by Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012). Therefore, we conclude that the district court did not

abuse its discretion when it overruled Hull's objection and denied his motion for a mistrial. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (we review a district court's decision to deny a motion for a mistrial for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                        Saitta

cc:    Hon. Michael Villani, District Judge
       Jonathan L. Powell
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk